Parsons, C. J.
The plaintiff declares in case upon several promises. The first count is indebitatus assumpsit in the sum of eighty dollars, according to the account annexed to the writ, the items of which are for timber, boards, shingles, nails, and labor, and victual-ling the workmen. The second count is a quantum meruit for the same items, technically supposed to be different, but similar. The *505 third count is a general indebitatus assumpsit for eighty dollars laid out and expended.
The facts being agreed by the parties, the question of law comes before the Court on a case stated. From this case, it appears that the defendant is seised in fee simple of a room * on the lower floor of a dwelling-house, and of the cel- [ * 576 ] lar under it; add that the plaintiff is seised in fee of a chamber over it, and of the remainder of the house; that the roof of the house was so out of repair, that, unless repaired, no part of the house could be comfortably occupied; that the defendant, though seasonably requested by the plaintiff, refused to join with him in repairing it; and the plaintiff then made the necessary repairs, and has brought this action to recover damages for her refusal to join in the repairs. It is also agreed that the parties had from time to time repaired their respective parts of the house at their several expense. And the question submitted to the Court is, whether the plaintiff can recover in this action.
This is an action of the first impression. No express promise is admitted; but if there is a legal obligation on the defendant to contribute to these repairs, the law will imply a promise.
We have no statute, nor any usage upon this subject, and must apply to the common law to guide us.
Although, in the case, the parties consider themselves as severally seised of different parts of one dwelling-house, yet, in legal contemplation, each of the parties has a distinct dwelling-house adjoining together, the one being situated over the other. The lower room and the cellar are the dwelling-house of the defendant; the chamber, roof, and other parts of the edifice, are the plaintiff’s dwelling-house. And, in this action, it appears that, having repaired his own house, he calls upon her to contribute to the expense, because his house is so situated that she derives a benefit from his repairs, and would have suffered a damage, if he had not repaired.
Upon a very full research into the principles and maxims of the common law, we cannot find that any remedy is provided for the plaintiff.
Houses for the habitation, and mills for the support, of man, are of high consideration at common law ; and when holden in common or joint-tenancy, remedies are provided against those tenants, who refuse to join in necessary reparation, by the writ de reparations facienda. (1) In Co. Lit. 56, b, it * is said [ * 577 ] that, if a man has a house so near to the house of his neighbor, and he suffers it to be so ruinous that it is like to fall on *506 his neighbor’s house, he may have a writ de domo reparandá, and compel him to repair his house. In Keilway, 98, b. pl. 4, there is a case reported, in the time of Henry the Eighth, in which Fineux and Brudenell, justices of the King’s Bench, were of opinion that if a man have a house underneath, and another have a house over it, as is the case in London, the owner of the first house may compel the other to cover his house, to preserve the timbers of the house underneath ; and so may the owner of the house above compel the other to repair the timbers of his house below; and this -by action of the case. But some of the bar were of opinion that the owner of the house underneath might suffer it to fall; yet all agreed that he could not pull it down to destroy the house above. And in Fitz. N. B. 296, there is a writ of this kind. But in the case of Tenant vs. Goldwin, 6 Mod. 314, Lord Holt was of opinion that this writ was by virtue of a particular custom, and not of the common law; and he doubted the case in Keilway.
But there is unquestionably a writ at common law de domo reparandá, the form of which we have in Fitz. N. B. 295, in which A is commanded to repair a certain house of his in N., which is in danger of falling, to the nuisance of the freehold of B, in the same town, and which A ought, and hath been used, to repair, &c. This writ, Fitzherbert says, lies, when a man, who has a house adjoining to the house of his neighbor, suffers his house to lie in decay, to the annoyance of his neighbor’s house. And if the plaintiff recover, he shall have his damages; and it shall be awarded that the defendant repair, and that be be restrained until he do it. But it is otherwise in an action of the case ; for there the plaintiff can recover damages only. And there appears no reasonable cause of distinction in the cases, whether a house adjoin to another on one side, or above, or underneath it.
But if the case in Keilway is law, the plaintiff cannot recover ; for by that case the defendant could have compelled the plaintiff to repair his house, or compensate her in dam-[*578] ages * for the injury'she had sustained from his neglect to repair it. (a) And he has the like remedy against her.
If the case in Keilway is not law, then, upon analogy to the writ at common law, the plaintiff cannot compel the defendant to contribute to his expenses in repairing his own house. But if his house be considered as adjoining to hers, she might have sued an *507 action of the case against him, if he had suffered his house to remain in decay to the annoyance of her house.
Bidwett, Attorney-General, for the plaintiff.
Sprout for the defendant.
In every view of this case, there is no legal ground on which the plaintiff’s action can be supported. We do not now decide on the authority due to the case in Keilway; but if an action on the case should come before us, founded on that report, it will deserve a further and full consideration. The plaintiff must be called.

 Co. Lit 200. b — Fitz 295

 [The case in Keilway seems to contain only the obiter opinion of two judges as to the obligation of owners or tenants of parts of the same building, under the custom of London, and other towns where a like custom prevails Nothing touching the matter seems, even in that case, to have been decided. It is quite clear that the writ, in the case referred to, is founded upon custom, and not upon the common law. Fitz. 127, c. 2 Ld. Ray. 1093. — Ed.]