Smith, C. J.
I haye taken some pains to examine the books in relation to this case, since the trial, but have not met with much success. I am inclined to think that each of the parties were interested in the entry, stairs, chimney, &c., and that neither could destroy these without the consent of the other; that each of these owners was under an obligation to the other to keep his part in repair, at least so far that the tenement of the other should suffer no injury from want of such repair, (a) It may be likened to the case of a party-wall, which neither owner can remove. 1 Domat, 806, 308 j 1 Selw. 355; 1 Dali. 341, 346; Co. Litt. § 323, pp. 54 b, 200, a, b; Esp. 411. See statute 11 Geo. I. c. 28 (6 Anne, c. 31; 37 Anne, c. 17), proceedings in pulling down an old ruinous party-wall.
From the nature of the thing, these parties must be considered as interested, as it were, in common, in the entry, chimney, stairs, &c.; and neither could destroy that in which the other had a valuable interest.
Doe had an easement, or right of enjoyment, of that part of the entry which was beyond the middle line, which does not depend on the courtesy of defendant; it is a matter of right. It is for the interest of both parties that this should be the case. It may be said the owner may do what he will with his own ; but this is to be understood with this reasonable restriction, that he shall not thereby hurt another or *258 injure the property of another, (a) But the truth is, it is not his own in an absolute, exclusive sense; because Doe has a right to the enjoyment of it. (b)
I think, therefore, an action lies ; and, for the reasons hinted at, trespass is the proper action. The injury is direct and not merely consequential. 1 Selw. 355. The acts done by Morrell were the immediate cause of the injury to the plaintiff. It would seem case would not lie. Com. Dig. Action on the Case, b. 6. Sed vide note ante, 8 Went. Pl. 544.
The other judges concurring, —

Judgment was given for the plaintiff.

[1]

 If one man have an house adjoining to mine, and, for want of repair, his house annoys mine, I shall have a writ against him de reparatione faciendo,. F. N. B. 127. If Doe could compel Morrell to repair, clearly Morrell cannot plead, as a justification for pulling down, that his part was out of repair.
It is apprehended case would lie for not repairing. F. FT. B. 127, n. a.
Clearly Morrell could not destroy his part, if thereby Doe as much or more injured as by want of necessary repairs.

 Sic luo uteris ul ne Icedas alieno.

 In consequence of the situation of this property, there are many things which other owners may lawfully do which Morrell may not,— burn it down; suffer it to be out of repair; disturb Doe in the enjoyment of entry, stairs, chimney, &c. For a mere disturbance, the remedy would he by action of the case; but for destroying the entry, stairs, chimney, &e., trespass.

 I. It is quite clear that, so long as both tenements remained in good condition, Morrell had no right to deprive Doe’s tenement of support, or to prevent the beneficial use of the entry and stairway. Richards v. Rose, 1853, 9 Exch. 218; Thompson v. Miner, 1870 , 30 Iowa, 386; Morrison v. King, 1871, 62 Ill. 30. See, as to the analogous case of party-walls, Eno v. Del Vecchio, 1854, 4 Duer, 53; s. c. 1856, 6 Duer, 17; Rogers v. Sinsheimer, 1873, 50 N. Y. 646; Brondage v. Warner, 1841, 2 Hill, 145; Potter v. White, 1860, 6 Bosw. 644; Dowling v. Hennings, 1863, 20 Md. 179; Phillips v. Bordman, 1862, 4 Allen, 147; Tindal, C. J., in Bradbee v. Christ’s Hospital, 1842, 4 M. & G. 714, 761. (In the report of Wigford v. Gill, 34 Eliz., Cro. Eliz. 269, there is nothing to show that the adjoining owner, who pulled down that part of the wall which stood on his land, ever consented to its erection, or was under any obligation to allow it to remain.)
To sustain the above position as to Morrell’s rights and duties, it is not necessary to indorse the much controverted doctrine of Pyer v. Carter, 1857, 1 H. & N. 916; nor to accede to all the views expressed by Bell, J., in Dunklee v. Wilton R. R., 1852, 24 N. H. 489, 495-507. See the very explicit admission of one of the leading opponents of Pyer v. Carter, viz., Lord Westbujry, in Suffield v. Brown, 1864, 4 De G. J. & S. 185, 198.
The cases of Webster v. Stevens, 1856, 5 Duer, 553, and Dillman v. Hoffman, 1875, 38 Wis. 559, were decided on grounds not existing in Doe v. Morrell.
*259 Hieatt v. Morris, 1860, 10 Ohio St. 523, countenances the doctrine, that one of the owners oí a party-wall, which was built by agreement, may take it down, in order to erect, on his lot, a building better suited to the increased value of the land. But this doctrine is inapplicable to Doe v. Morrell, and does not seem in accord with Morrison v. King, Potter v. White, and Dowling v. Hennings, ubi supra.
It has been held that, when a party-wall is insecure, one of the owners, if in no fault for its condition, may take it down and rebuild it, without being liable to the other owner for damage thus occasioned. Partridge v. Gilbert, 1857, 15 N. Y. 601; Crawshaw v. Sumner, 1874, 56 Mo. 517. See also Richardson v. Frank, 1870 , 2 Cincinnati Superior Court Reporter, 60; Cubitt v. Porter, 1828, 8 B. & C. 257; Jessel, M. R., in Standard Bank of Africa v. Stokes, 1878, 38 L. T. n. s. 672. But, in the present case, Morrell does not appear to have entertained the purpose of rebuilding.
II. The question of Morrell’s obligation to repair his part for the purpose of affording continued support to Doe’s part is not necessarily involved in this action; which was brought to recover for positive acts of destruction, and not for mere neglect to repair. It might be held that Morrell, even if under no duty to repair, was bound (apart from the matter of public danger) to let his part stand so long as it furnished a support to the other part.
The question whether Morrell was under obligation to repair can hardly bo said to be decisively settled by the cases; but the weight of recent authority is in the negative.
It is said in Keil. 23 II. VII. 98 b, pi. 4, that, if one man have the upper part of a house, and the other the lower, they may each compel the other to repair his part in preservation of the other. See also the dicta of Lord Campbell, C. J., in Humphries v. Brogden, 1850, 12 Ad. & El. n. s. 739, 756, 757 (citing, with approval, Erskine’s Institute of the Law of Scotland), and Dillon, C. J., in McCormick v. Bishop, 1869, 28 Iowa, 233, 241.
The case in Keilway, or the report of it, was doubted by Holt, C. J., in Tenant v. Goldwin, 3 Anne, 6 Mod. 311; s. c. 2 Ld. Raym. 1089; 1 Salk. 21, 360; where it was said that the writ in E. if. B. 127, is grounded upon the custom of the place, and not upon the common law.
According to the head-note in Anonymous, 1 Anne, 11 Mod. 7, the doctrine of the case in Keilway was there affirmed; but the casein 11 Mod. is so imperfectly reported as to be of little value.
In Cheeseborough v. Green, 1834, 10 Conn. 318, it was decided, that the owner of the lower part of a house cannot maintain an action on the case, against the owner of the upper part, for suffering the roof to become leaky and ruinous, whereby goods in the lower part are damaged; the Court saying that the plaintiff could have an adequate remedy only in chancery.
In the case of a ruinous party-wall, it was held by Chancellor Kent, *260 that one of the owners, who pulled it down and rebuilt it, could recover contribution in equity from the other owner. Campbell v. Mesier, 1820, 4 Johns. Ch. 334. And see Read, J., in Vollmer’s Appeal, 1869, 61 Pa. St. 118, 128 (a case turning on a statute); Brown, P. J., in List v. Hornbrook, 1867, 2 W. Va. 340, 346; Stevenson v. Wallace, 1876, 27 Gratt. 77. In Runnels v. Bullen, 1823, 2 N. H. 532, Woodbury, J., said, p. 535: “Andwhere the decay is suffered in a portion of a party-wall between cellars or houses, no doubt an action for the consequent damage can he sustained by the other owners;” and he subsequently cited Doe v. Morrell, with seeming approval.
In Sherred v. Cisco, 1851, 4 Sandf. N. Y. Superior Court, 480, it was held, that there was no claim for contribution where one of the owners of a party-wall rebuilds it after the destruction of the wall and both adjoining buildings by ñre. And in Partridge v. Gilbert, 1857, 15 N. Y. 601, 615, Denio, C. J., said: “ I do not perceive any solid distinction between a total destruction of the wall and buildings, and a state of things which should require the whole to be rebuilt from the foundation. In either case, there is great force in saying that the mutual easements have become inapplicable, and that each proprietor may build as he pleases upon his own land, without any obligation to accommodate the other.” These dicta of Judge Denio are indorsed in Freeman on Cotenancy and Partition, § 256. And see Glenn v. Davis, 1871, 35 Md. 208; Cochran, J., in Dowling v. Hennings, 1863, 20 Md. 179, 185; Scholfield, J., in Huck v. Flentye, 1875, 80 Ill. 258, 260; Mellor, J., in Colebeck v. Girdler’s Co., 1876, L. R. 1 Q. B. D. 234. Compare § 223 of Wood on Nuisances with §§ 229-231 óf the same work. See also statement of the French law in Washburn on Easements, 2d ed. 555.
Pierce v. Dyer, 1872, 109 Mass. 374, was an action of tort by the owner of one part of a house to recover damages for the wilful neglect of the other owner, in permitting his part to become ruinous and fall into decay, whereby the plaintiff’s part was damaged. It was decided that the action could not be maintained; the Court holding that there was no implied obligation to repair. Some New Hampshire decisions, though not in point, may be noticed in this connection. The grantee of a right to grind at a corn-mill cannot maintain ease, against one claiming the mill under the grantor, for not keeping it in repair. Bartlett v. Peaslee, 1847, 20 N. H. 547. A license to erect a dam and flow the land of another terminates with the decay of the dam, and gives no right, when the dam has become decayed and ruinous, to re-erect or repair it, and flow the land again. Cowles v. Kidder, 1852, 24 N. H. 364; Carleton v. Redington, 1850, 21 N. H. 291, 307.
The owner of the upper part of a house cannot maintain an action at law against the owner of the lower part, to recover contribution for repairs made on the roof. Loring v. Bacon, 1808, 4 Mass. 575; Wiggin v. Wiggin, 1862, 43 N. H. 561; Ottumwa Lodge v. Lewis, 1871, 34 Iowa, 67.
*261 III. As to the form of action.
Morrell’s counsel argued that, even “ if he had no right to do what he had done —open one side of plaintiff’s house and let in the air and storm — the act was done on defendant’s own land and to his own timber. . . .” But it would seem physically impossible for Morrell to have sawn asunder his half from Doe’s without placing part of his (or his servant’s) hand or foot upon or over Doe’s part, during the act of sawing. Morrell’s right to enter upon Doe’s side of the stairs for purposes of passage did not include a right to enter for purposes of wrongful destruction. The wrongful placing of part of his hand or foot upon or over Doe’s side would bo a trespass, according to the views expressed by Lord Coi.ekidge, C. J., in Ellis v. Loftus Iron Co., 1874, L. R. 10 C. P. 10, 12. “It is clear that, in determining the question of trespass or no trespass, the Court cannot measure the amount of the alleged trespass; if the defendant place a part of his foot on the plaintiff’s land unlawfully, it is, in law, as much a trespass as if he had walked hall' a mile on it.” In that case, it was held a trespass, if the mouth and feet of the defendant’s horse protruded over the plaintiff’s land, through an opening in a wire fence; Lord Coeeridgh saying, “ That may be a very small trespass, but it is a trespass in law.”
The cases as to the remedy of one owner of a party-wall against the other hardly seem in point. Cubitt v. Porter, 1828, 8 B. & C. 257 (see also Wiltshire v. Sidford, 1827, 1 M. & R. 401), is inapplicable, unless Doe and Morrell were tenants in common. But partition had already been fully made between them; and their interests would seem to be several, though each had a right to make beneficial use of the other’s part for certain purposes. Matts v. Hawkins, 1813, 5 Taunt. 20, may bo distinguished, on the ground that Morrell did not remove any portion of tho building that stood on Doe’s land.
In Carleton v. Cate, 1875, 56 N. H. 130, 136, Cushing, C. J., said: “ . . . If the ease reqnired.it, I should be inclined to hold that the difference between trespass and case has now become matter of form, and to permit the form of action to be changed by amendment.”