## CHEESEBOROUGH *against* GREEN:

### IN ERROR.

Where the plaintiff owned and occupied the foundation and first and second stories of a building, and the defendant owned the third story and roof of the same building; and the defendant suffered the roof to become leaky

and ruinous, in consequence of which the plaintiff's goods in the lower story were damaged ; it was held, that an action on the case would not lie, but that the plaintiff's remedy must be sought in chancery.

New-London,
July, 1834.

Cheesborough
v.
Green.

THIS was an action on the case. The declaration stated, that the plaintiff owned and possessed a lot of land, at the corner of *Main* and *Court* streets, in the city of *New-London*, with the first and second stories of the brick building thereon standing, and also the foundation and cellar underneath the same ; that the defendant, at the same time, owned and possessed the third or upper story, and the roof of said building, directly over the parts thereof owned and possessed by the plaintiff ; that by reason of the defendant's ownership and possession of said upper story and roof, he ought of right to repair the roof of said building, as often as need required ; that the defendant, nevertheless, wrongfully permitted the roof to become and continue ruinous, leaky and out of repair, by means whereof large quantities of rain penetrated and flowed through the roof into and through the upper story, and thence into and through those parts of the building owned and occupied by the plaintiff ; whereby the goods of the plaintiff therein deposited were greatly injured, and the plastering of the plaintiff's rooms in the first and second stories, was also greatly injured and destroyed, and the plaintiff was greatly annoyed and incommoded in the use and occupation of his parts of the building, which are becoming decayed and going to ruin, by means of such neglect and wrong doings of the defendant.

The defendant pleaded the general issue, which was closed to the court. On a trial of the cause, at *Norwich*, *March* term, 1834, before *Church*, J., the facts alleged were found true, but the declaration was adjudged insufficient, and on that ground, judgment was rendered for the defendant. To revise this judgment, the plaintiff filed the present motion in error.

*Goddard* and *Isham*, for the plaintiff, contended, 1. That upon the facts alleged and found, the defendant was liable, by the common law of *England*. The case in *Keil*. 98. *b. pl.* 4., supported as it is, by an anonymous case in 11 *Mod.* 7., establishes this point. Upon the same principle, it is said, by Lord *Coke :* " If a man hath a house near to my house, and he

New-London, July, 1834.

Cheesborough
*v.*
Green.

suffereth his house to be ruinous, that it is like to fall upon my house, I may have a writ *de domo reparanda,* and compel him to repair his house." *Co. Litt.* 56. *b.* See also note 376. by *Hargrave,* who cites *Fitzh. N. B.* ed. 1730. *p.* 296. n. n. So if there be two tenants in common or joint-tenants of a house or mill, and it become ruinous, he that is willing to repair shall have a writ *de reparatione facienda. Co. Litt.* 54. *b.* 200. *b. F. N. B.* fol. 127. *a.* 2 *Inst.* 403. But it may be said, that the case in *Keilway* is doubted in *Tenant v. Goldwin,* 6 *Mod.* 314. The same case is reported in *Ho't* 500. 1 *Salk.* 21. 360. and 2 *Ld. Raym.* 1089. without intimating a doubt. And the case in *Keilway* is referred to as authority, by Lord *Coke,* in 2 *Inst.* 403. above cited.

2. That the principle involved in this case, and by which it it is upheld, has been established in *Massachusetts. Loring v. Bacon,* 4 *Mass. Rep.* 575. And recognized, in *Connecticut* also, by Judge *Swift.* 2 *Sw. Syst.* 87.

3. That if the question is still open, to be settled upon principle, the rule claimed by the plaintiff is a *reasonable* one, and ought to be adopted.

*Law* and *Brainard,* for the defendant, insisted, 1. That there was no decided case or authority to establish the plaintiff's right, but such as are inapplicable, or have been overruled. They commented on the case in *Keil.* 98. *Tenant v. Goldwin,* 6 *Mod.* 311. 314. 1 *Wms. Saund.* 322. n. (1).

2. That in the absence of authorities, the rule claimed by the plaintiff ought not to be adopted, being unjust and oppressive, uncertain and impracticable, with no fixed rule of damages.

3. That if a remedy is needed, it must be sought in chancery. *Campbell v. Mesier* & al. 4 *Johns. Ch. Rep.* 334.

DAGGETT, Ch. J. The declaration, in substance, is, that the plaintiff owns the first and second stories of a brick store, and the defendant owns the third story and roof. The defendant has suffered the roof to decay and become leaky and ruinous, so that the lower part of the building is injured ; and for this neglect of the defendant this action is brought. The superior court, on a trial, found the facts alleged true, but adjudged the declaration insufficient. It is now to be decided, by this court, whether this action can be sustained.

There is no statute, nor any custom, nor any adjudged case in *Connecticut*, on the subject. The plaintiff relies upon the principles of the common law to uphold this action. He founds himself, principally, on a case *Keilway* 98. *b. pl.* 4. where the doctrine was laid down, by two judges of the court of *King's Bench*. In *Tenant* v. *Goldwin*, 6 *Mod.* 314. S. C. 1 *Salk.* 360. Lord *Holt* disapproved of the case in *Keilway*, and said, that it was not supported by the custom of particular places, and not by the common law. There was a writ *de reparatione facienda* against those of several joint tenants, or tenants in common, who refused to join in necessary repairs. So if the house of *A* be near that of *B*, and the former become so ruinous that it endangers the latter, *B* may have a writ *de domo reparanda*, and compel *A* to repair his house. I am not aware, that any such writ has been known in the practice of our courts. Perhaps an action on the case would lie against any one, who should negligently suffer his building to decay, and fall on and injure the property of another, on the maxim *Sic utere tuo ut alienum non lædas*. That, however, is not this case.

Nor can we say, in the absence of statute regulation, or express decision, that this doctrine is so *reasonable* that an action can be sustained. In large cities, houses generally consist of four or five stories. The owner of the fifth story, upon the principle assumed by the plaintiff, is compellable to furnish a sufficient roof to protect the whole building against water. Also, the owner of each story is obliged to secure the side and ends, as the case may be, against the entrance of water to the annoyance of all those who own or occupy below. The owner of the lower story is compellable, also, to keep the foundation suitably repaired, to sustain each of the other stories, with their additional (as the case may be) superincumbent weight.

These considerations, and others easily suggested, would lead to the conclusion, that a remedy, in such case, can be furnished, only by a court of chancery. The principles adopted, by Chancellor *Kent*, in *Campbell* v. *Mesier* & al. 4 *Johns. Ch. Rep.* 334. countenance this idea. The case of *Loring* v. *Bacon*, 4 *Mass. Rep.* 575. was pressed, by the counsel for the plaintiff. There, it was decided, that the owner of the upper story could not recover in *assumpsit* against the owner of the lower floor and cellar, for necessary repairs to the roof. Chief

New-London,
July, 1834.
————————
Cheesborough
v.
Green.

Justice *Parsons* speaks of the case in *Keilway*, without deciding on its authority.  He does not decide the plaintiff to be without remedy : he says truly, he has no legal ground for recovery.   It will be borne in mind, that there was then [1806] no court of chancery in *Massachusetts.*

On the whole, I incline to adopt, as the result of my deliberations, the opinion, that in a court of chancery only can the plaintiff have adequate remedy ; and that there is, therefore, no error in the judgment complained of.

The other Judges were of the same opinion, except PETERS, J., who was absent.

Judgment affirmed.