## OTTUMWA LODGE, ETC. v. LEWIS.

34   67<br>d129 621

Real property: ADJACENT PROPRIETORS: IN DIFFERENT STORIES OF BUILDINGS. Where one person owns the lower story of a building, and another the upper story, with right of way thereto, the latter cannot recover of the former for necessary repairs of the roof made by him. It would seem that the person owning the upper story would be under obligation to keep the roof in repair, and that a like rule would apply to the owner of the lower stories, as to the foundation.

*Appeal from Wapello Circuit Court.*

THURSDAY, MARCH 28.

THIS cause was submitted to the court below, for the purpose of determining the question of the defendants' liability, upon an agreed statement of facts of which the following is the substance, to wit: George C. Merrick was the owner of lot 286 in the city of Ottumwa, and commenced the erection of a brick building thereon. Afterward Merrick agreed with plaintiff to complete the third story of said building in pursuance of a specified plan and to deed the same, together with the right of way thereto, to plaintiff, in consideration whereof the plaintiff agreed to pay the sum of $1,700. The said third story was finished in accordance with the terms of the contract, and plaintiff took possession thereof and still retains the same.

Merrick deeded the said third story to plaintiff in pursuance of this agreement, and afterward, by regular line of conveyance from Merrick, the defendant, Alvin Lewis, became seized of the lot and the remainder of the building. The building is three stories with a cellar. The roof is flat, rising two or three feet above the ceiling of the third story room at the front, and sloping back, having a fall of two or three feet, and is covered with tin. The roof does not rise above the walls of the building, and there is no garret or other room above the third story room. The roof became out of repair, and the rain coming through fell upon the ceiling of the rooms of plaintiff, and leaked upon the carpet and furniture therein to plaintiff's damage. Plaintiff in writing informed defendant that the roof was out of repair, and requested him to repair the same, which defendant neglected and refused to do. After waiting a reasonable time plaintiff repaired the roof at a cost of $30.00, which sum was necessarily expended for that purpose.

The court rendered judgment for plaintiff for thirty dollars. Defendant appeals.

*Hutchison & Hackworth* for the appellant.

*E. L. Burton* for the appellee.

DAY, J. — From the statement of facts it will be seen that plaintiff is the owner of the third story of the building, and defendant owns the two remaining stories and the ground upon which the erection stands. Although this mode of ownership is not at all unusual in large cities, yet the common law does not clearly define the relative rights and duties of persons so situated. 2 Washb. on Real Estate (2d ed.), marg. p. 79. Yet enough has been decided to render easy the determination of the question here involved.

In *Tenant* v. *Goldwin*, 2 Ld. Raym. 1091, it is said that if one man have the upper part of a house and the other the lower, each may compel the other to repair his part in preservation of the others. In an anonymous case in 11 Modern, page 7, it is held, that if a man has an upper room, an action lies against him by one who has an under room, to compel him to repair his roof. And so where a man has a ground room those over him may have an action to compel him to keep up and maintain his foundation.

In *Cheeseborough* v. *Greene*, 10 Conn. 318, which was a case in which the plaintiff owned and occupied the foundation and first and second stories of a building, and the defendant owned the third story and roof of the same building, and suffered the roof to become leaky and ruinous, occasioning damage to the plaintiff's goods in the lower story, it was held that an action on the case would not lie, but that the plaintiff's remedy must be sought in chancery. In *Loring* v. *Bacon*, 4 Mass. 575, the defendant was seized in fee simple of a room on the lower floor of a dwelling-house and of the cellar under it, and the plaintiff

was seized of a chamber over it, and of the remainder of the house. The roof became in such condition that unless repaired no part of the house could be comfortably occupied. The defendant refused to join in making the repairs. The plaintiff then made the necessary repairs, and brought an action in assumpsit for labor and materials employed and money expended. PARSONS, C. J., announcing the opinion of the court, said : " Although in the case the parties consider themselves as severally seized of different parts of one dwelling, yet in legal contemplation each of the parties has a distinct dwelling-house adjoining together, the one being situated over the other. The lower room and the cellar are the dwelling-house of the defendant ; the chamber, roof, and other parts of the edifice are the plaintiff's dwelling-house. And in this action it appears that having repaired his own house, he calls upon her to contribute to the expense, because his house is so situated that she derives a benefit from his repairs, and would have suffered a damage, if he had not repaired. Upon a very full research into the principles and maxims of the common law, we cannot find that any remedy is provided for the plaintiff." These are all the authorities we have been able to find bearing upon this subject. All of them except *Cheeseborough* v. *Greene* are adverse to the right of plaintiff to recover. The case of *Cheeseborough* v. *Greene*, 10 Conn. 318, does not sanction the right of the owner of the upper story to recover for repairs, but holds that the remedy of the owner of the lower story is in equity and not at law. If each party respectively is the owner of a distinct dwelling, as held in *Loring* v. *Bacon*, the solution of the question becomes easy ; for no legal principles can readily be discovered upon which a party can recover of another for repairs made upon his own property.

And that, in legal contemplation, each party *is* the owner of a distinct dwelling cannot, in our opinion, be successfully refuted.

The court erred in finding for plaintiff the value of the repairs made, and its judgment is

Reversed.