This is an action to recover one half the amount expended by the plaintiff for light and janitor services in a certain hallway used by the plaintiff and the appealing defendant, as lessees of adjacent properties. The defendant's lessor was made a party defendant, but upon the trial the jury rendered a verdict against the lessee alone, and she appeals.
In 1893 two buildings were erected at 64 and 66 Broadway in the city of Fargo, under a plan whereby ingress and egress to and from the *Page 348 
second story was gained by means of a stairway so situated that one-half is located on the property of each owner and that the rooms or apartments on the second floor are served by a hallway similarly located with respect to the dividing line. Ultimately, one John Haas became the lessee of the building at 64 Broadway, subsequently assigning the lease to his wife, Maude Haas, the defendant; and the plaintiff, Hugo Stern, became the lessee of the building at 66 Broadway. During the years prior to 1916 or 1917, these adjoining tenants shared some of the expenses incident to the use of the stairway and hall and adjusted between themselves certain expenses for water service, both hot and cold. But about 1917 they ceased to agree upon the sharing of these charges and thereafter the plaintiff paid the bills for lighting the hall and for janitor services in the hall and stairway for a number of years. He brings this action to recover one-half of his outlay. He had judgment in the county court of Cass County for approximately 40 per cent of the total amount claimed to have been expended, and the defendant appeals.
These parties are not tenants in common of the stairway and hall which were built to serve these adjoining buildings. Each is a sole tenant of the premises described in his lease, though there is a common boundary in the middle of the hall, and though each may be a licensee as to the portion which is on the other's premises. The defendant is under no express contract obligation to the plaintiff to furnish any service that will render the adjoining premises more attractive or more habitable, and vice versa. The plaintiff, however, did furnish services that must have been of some advantage to the defendant and her tenants, but he did so with the knowledge that the defendant would not assume any obligation to pay for the same. He alleges in his complaint that he has from time to time demanded of the defendants that they pay their one-half portion of the expenses and that the defendants have refused; and in his testimony the plaintiff expressly stated that about eight years prior to the trial he had called upon the defendant to share these expenses and that she had said that she did not intend to pay any part of them. Hence, there can be no doubt, under the allegations and the proof, that the plaintiff furnished the services in question, knowing full well the defendant's unwillingness to share the expense. The question is whether, in these circumstances, the law will raise an obligation.
When the law raises a quasi-contractual obligation contrary to the *Page 349 
volition of an individual, it does so in response to the dictates of well recognized social or humanitarian conceptions. A husband must support his wife, and a father must support his minor children; but, we are aware of no similar or analogous policy of the law that takes from the realm of private contract or individual choice the manner in which one will enjoy the occupancy of his own premises. If one will lease property so situated that his enjoyment thereof depends, wholly or partly, upon the whim or caprice of an occupant of adjoining premises, as where the convenience of both is served by a common entrance and hallway, he must know that he can not force his measure of enjoyment upon an unwilling neighbor. If it so happens that the light he furnishes and the scrubbing his janitor does actually contribute to the attractiveness of his neighbor's premises, this benefit, if conceived by his neighbor to be such, is merely incidental to his enjoyment of his own premises. If these services can not be supplied without the incurring of expense that the neighbor is either unable or unwilling to bear, we know of no rule of law that will compel contribution. Certainly one property owner can not be made to conform to the ideas of his neighbor as to what is necessary to the enjoyment of his property! However ready the law may be to adapt itself to the achievement of justice in a progressively complex society, it does not supply deficiencies due to the failure of parties to safeguard their own interests by express contracts, where there is no impelling, parallel, social or moral interest.
Even in the case of repairs upon property made by one tenant in common without the concurrence of his cotenant, there has long been recognized a difficulty in compelling contribution. At the common law one was not permitted to make the repairs first and then sue the cotenant for contribution (see Woodward, Quasi Contr. § 208), but his remedy was to employ the writ de reparatione facienda for the purpose of securing a judicial determination of the necessity for the repairs before the cotenant could be charged therewith. This writ, however, became obsolete and in some jurisdictions an action has been allowed for money expended, where the repairs were necessary to prevent the premises from going to ruin. However, the writ de reparatione never extended to a case where contribution was sought to be enforced for repairs by an owner in severalty of another part of a building (Loring v. Bacon, 4 Mass. 575; Woodward, Quasi Contr. § 208), and to give the remedy *Page 350 
sought in this action would extend the principle underlying the old writ farther than any of the authorities within our knowledge will warrant.
But counsel for the respondent contend that the defendant is under legal obligation to light the hallway and keep it clean and that the plaintiff, having performed this obligation, is entitled to be compensated. The basis of the obligation claimed is the city ordinance. The ordinance relied upon provides that there shall be kept burning in public hallways near the stairs upon the entrance floor and near the top of the stairs a proper light, and for hallways of more than 30 feet in length an additional light for each 30 feet. The evidence does not show that the lights furnished by the plaintiff were merely such as conform to this ordinance. They may have largely exceeded the measure required by the ordinance, if indeed any definite measure is prescribed. In fact, the evidence shows that there were lights on the plaintiff's meter that were situated in public toilet rooms maintained upon his premises. The ordinance, with respect to the cleaning of the hall and stairway, is likewise indefinite, as is also the proof as to the quantity of services necessary to effect a compliance therewith. It merely requires that every part of the house, including passage areas and stairways, shall be kept free and clear from the accumulation of dirt, filth and garbage, or other matter. It does not appear that any occasion existed for the plaintiff's intervention and discharge of the defendant's obligation under the ordinance, with respect to keeping the hallway on her premises sufficiently clean, to amount to a compliance with the ordinance. See Manhattan Fire Alarm Co. v. Weber, 22 Misc. 729, 50 N.Y. Supp. 42; Keener, Quasi Contr. p. 349; Woodward Quasi Contr. §§ 194 to 200.
The record discloses no cause of action. Judgment reversed and action dismissed.
CHRISTIANSON, Ch. J., and NUESSLE, BURKE, and JOHNSON, JJ., concur. *Page 351