NEW-YORK,
Oct. 1815.

ADAMS
v.
FREEMAN.

Adams *against* Freeman.

Entering a dwelling house, without license, is a trespass.
Keeping an inn amounts to a general license; and familiar intimacy may be evidence of a general license.
If a person enter a dwelling house, by permission, and continue there after he has been requested to leave it, he becomes a tres- passer *ab initio*.

IN ERROR, on *certiorari* to a justice's court.

This was an action of *trespass*, brought by the plaintiff in error against the defendant in error, for entering the plaintiff's house. The defendant pleaded not guilty; and, on the trial, the plaintiff proved, that, he being in bed, (whether in the day time or at night is not stated,) the defendant entered his house without permission. The plaintiff's son, by order of his father, requested the defendant to leave the house; to which the de- fendant answered, that he would go when he pleased. The plaintiff's wife then ordered the defendant to go off, to which the defendant gave a similar answer. The plaintiff then rose from bed, and ordered the defendant to leave his house, but he still refused to go, and remained there half an hour, without doing any other injury, and then departed.

The defendant moved for a nonsuit, and the justice decided that the proof was insufficient to sustain the action, and non- suited the plaintiff, with costs.

*Per Curiam.* To enter a dwelling house without license, is, in law, a trespass. Any person professing to keep an inn, thereby gives general license to all persons to enter his house. But the house of the plaintiff does not appear to have been an inn, and, therefore, to render such an entry lawful, there must be a permission express or implied; and familiar intimacy may be evidence of general license for such purpose. According to the evidence, here was no such permission; and, therefore, the act of entering the plaintiff's house was a trespass. Besides, if the defendant had received permission to enter, as by being asked to walk in, upon his knocking at the door, his subsequent conduct was such an abuse of the license, as to render him a trespasser *ab initio.*