EX PARTE
COBURN.

*Ex parte* COBURN.

In trespass, *quare clausum fregit,* in a court of common pleas, the defendant pleaded a license to cross the plaintiff's land for the purpose of drawing wood, and this license was the subject of controversy at the trial, upon which there was conflicting evidence—there being a verdict for the plaintiff for 75 cents—*held,* that freehold or title to land did not come in question; and that the plaintiff was not entitled to costs, within the 5th section of the act concerning costs, (1 R. L. 344.) A license to enter on land is not an *interest.* It is a mere *authority,* personal to the grantee, and revocable at the will of the grantor. It is not a *way,* which is a *real* or *chattel* interest, according to its duration.

STARKWEATHER, at the last term, moved for a *mandamus,* commanding the Judges of the *Otsego* Common Pleas to give judgment in favour of the plaintiff, for his costs in an action of trespass, *quare clausum fregit,* tried there between *Coburn,* plaintiff, and *Thurston,* defendant. One of the pleas was leave and license; to which the plaintiff replied, taking issue. On the trial, the defendant, amongst other things, set up a license from the plaintiff, to draw wood over the *locus in quo.* Upon this question the evidence was conflicting, but the jury found a verdict for the plaintiff, and assessed the damages at 75 cents. The Court below were moved, in behalf of the plaintiff, for judgment, with full costs, which was denied.

Rule to shew cause.

At this term,

*I. Seelye,* shewed cause. He cited *L. N. Y. sess.* 41, *ch.* 94, *s.* 5, which provides, that in any suit cognizable before a Justice's Court, the plaintiff shall not have costs, unless his recovery exceed 50 dollars ; and contended that this action might have been tried there. It did not draw the freehold or title of land in question, within the meaning of the 1st sections in the 25 and 50 dollar acts, (1 R. L. 387 ; *L. N. Y. sess.* 41, *ch.* 94, *s.* 1) or the statute of costs. (*Farrington* v. *Rennie,* 2 *Caines' Rep.* 220. *Otis* v. *Hall,* 3 *John. Rep.* 450.)

But this license will be compared to a way, and *Heaton* v. *Ferris & Ferris,* (1 *John Rep.* 146) will be relied upon. In that case it was decided, that where the action brings a right of way in question, the plaintiff is entitled to costs. But there is a wide difference between a right of way and a license. The license here was by parol—a mere permission to pass over the land. A right of way is always by grant or prescription. It is a permanent interest, for an injury to which an action lies, and when set up by a defendant it al-

ways draws the title to freehold in question, *pro tanto*.  A li-
cense is a mere gratuity, revocable at the pleasure of the
one who gives it.  One gives his neighbour leave to go on
foot through his field, or to enter his house—does this vest
any interest in the soil ?  Or shall it be said that a litigation
upon the question, whether such a license was granted,
draws the title in question ?  In *Otis* v. *Hall*, the effect of
setting up a license to use another's land, was considered in
reference to this very question; and the Court say, " here
was no claim of a right of entry into the plaintiff's land,
nor of any direct use or enjoyment of it."  Again, they say,
the nature of the defence was, " that any consequential in-
jury to the plaintiff was waived by his express license for
that purpose ; and that it was a mere *damnum absque in-
juria*, for which the plaintiff had no right of action."  And
they expressly distinguish a license from a right of way,
and say, " the case bears no analogy to that of *Heaton* v. *Fer-
ris*."

*Starkweather*, in support of the rule.  The plaintiff was
entitled to costs, if the freehold or title to land in any wise
came in question.  (1 *R. L.* 344, *s.* 5.)  Freehold, with us,
is property in its highest degree, and the owner hath *absolu-
tum et directum dominium*. (2 *Bl. Com.* 105.)  Any act dis-
puting or impairing this right, in the least degree, is bringing
the freehold in question.  Both the issue and the testimony
went to question the unqualified interest of the plaintiff.
The defendant claimed a limited right, as extensive as a
right of way—a kind of easement—and had it been pleaded
as a private right of way, the plaintiff would clearly have
been entitled to costs.  (*Heaton* v. *Ferris*, 1 *John. Rep.*
146.)  A way is an easement—not an appurtenance.  (2
*Ch. Pl.* 358-9, *in the notes.  Yelv.* 159.)  It is as well gran-
ted by parol as otherwise, and does not imply any interest in
the soil.  It may be of limited duration, and for the very
same purpose as claimed by the defendant here.  (*The pre-
cedents in* 2 *Chit. Pl.* 575 *to* 579.)  And in *Wynkoop* v. *Bur-
ger*, (12 *John.* 222,) a way, which had been granted by
deed, was altered by parol, and the acts and acquiescence of
the parties.  Our case presents, the-, substantially, a trial

upon a right of way. The question properly belonged to the Court of Common Pleas, and was not cognizable before a Justice. The Court will find the inquiry, when freehold or title is to be deemed in question before a Justice, very fully considered and illustrated in *Cowen's Treatise*, 14 to 16. He also cites *Griffeth's New-Jersey Treatise*, for several cases on this subject. The case of *Otis* v. *Hall* is placed, by the Court, expressly on the ground, that " there was no claim to a right of entry into the plaintiff's land, nor of any direct use or enjoyment of it. " The defendant," say the Court, " merely sets up a right to use his own land in the manner he has done, by erecting the dam." They compare it to a consequential injury by a nuisance erected on the defendant's land, which does not bring the plaintiff's title in question, though it injure him. In the case before the Court, the injury is not consequential, but direct.

*Curia.* This is not like a right of way to which it has been likened in the argument. A right of way is an assignable property : it is a real or chattel interest, according to the term of its duration, and the former is well known in the law as that sort of real property belonging to the class of incorporeal hereditaments. Not so of a licence to enter upon another's land, without consideration. This is not an interest. It is a mere authority, revocable at any moment, not in its nature assignable, but limited to the person of the grantee. Giving permission to walk across one's land is but an excuse for a trespass. The case of *Heaton* v. *Ferris*, referred to on the argument, views the subject in this light, and we think, disposes of the question. That was an action on the case for consequential damages, occasioned by the defendant's mill dam, erected on his own land, overflowing the plaintiff's land. The defendant set up a licence, which appeared to have been revoked. The plaintiff's verdict being but nine dollars, he applied for costs, on the ground that the freehold or title came in question, which the Court denied. There is no difference in principle, whether the action be case for a consequential injury, or, as here, trespass for a direct one.

Rule discharged.