Duer, J.
The charge of the judge upon the trial was, in my opinion, entirely correct. There is this resemblance, and this only, between a grant and a license, that each, while it remains in force, protects and justifies an entry upon the lands to which it relates, but the distinctions-that exist between them are such, and so material, as should prevent them, in any case, from being confounded. A grant passes some estate or interest, corporeal or incorporeal, in the lands which it embraces; can only be made by an instrument in writing, under seal, and is irrevocable, when made, unless an express power of revocation is reserved. A license is a mere authority; passes no estate or interest whatever; may be made by parole; is revocable at will, and when revoked, the protection, which it gave, ceases to exist. It is true, that when a license is annexed as an incident to a valid grant, so that its exercise is necessary to the possession or enjoyment of the property or thing granted, it cannot be revoked. (Wood v. Leadbitter, 13 M. & W. 808 ; Wood v. Manley, 11 A. & Ell. 34; Wettleson v. Sikes, 8 Metc. 34.) But I apprehend, that this is the only exception from the rule, that a license is revocable at pleasure, that the English law and our own admite, and the exception is manifestly not applicable to *259 the present case. Here the permission to the defendant, to enter upon the lot of the plaintiff, was not given for a temporary purpose, but for that of erecting a permanent building, which he was to use and occupy during the residue of the plaintiff’s term; and it is plain that, by holding that this permission could not be revoked, we should give to a mere and verbal authority the effect and operation "of a valid grant, and would in effect decide that an interest in lands may be transferred by parole. Such a decision, however, would be contrary to all the cases in the English reports arid in our own, and, if sustained, would be a virtual repeal of the statute of frauds.
The only authorities' upon which the learned counsel for the defendant relied, in contending that the permission under which the defendant justified, although a parole license, was not revocable at all, or not revocable without a tender to the defendant "of all the expenses, which, upon the faith of the continuance of the permission, he had incurred, were a nisi prius decision of Lord Ellenborough (subsequently affirmed by the King’s Bench), and the case of French v. Kern, 14 Sergt. & Rawle, 269, and other cases in the Supreme Court of Pennsylvania.
In the case before Lord Ellenborough (Winter v. Broderick, 8 East. 308), the land and the possession of the land, to which the controversy .related, belonged not to the plaintiff, but to the defendant himself. It was an open space or area between his house and that of the plaintiffs, which, tinder a parole license from the plaintiff, he had covered by a skylight, a framework of wood and glass. The injury of which the plaintiff" complained was, that, by this inclosure of the area, he was shut out from the light and air, to the enjoyment of which, as an easement annexed to his own land, he was entitled, and by the revocation of his license sought to be restored. Lord Ellenborough, however, was of opinion that the license having been fully executed, the defendant could not be made a wrongdoer, and be deprived of the whole benefit of his expenditure in the erection of the skylight at the mere pleasure of the plaintiff ; and at all events, that the assent given could not be withdrawn without a tender of all the expenses, which, upon the *260 faith of its continuance, he had incurred. In my opinion, this case, admitting the propriety of the decision, has no analogy to the present, since not only was the license fully executed; but its operation was, not to transfer an interest in land, but merely to suspend the enjoyment of an easement. All that the case, therefore, proves is, that by a parole license without a deed, the enjoyment of an easement may be waived or extinguished. The doctrine of the case, properly understood, is, indeed, fully settled by other decisions. It is that where full effect may be given to a license by acts done on the lands of the licensee, although by these acts the enjoyment of an easement attached to the land of the licensor may be defeated, the usual objections to considering a license irrevocable do not apply, and consequently that, in such cases, if the license has been fully executed, it cannot be revoked. (Moore v. Rawson, 3 B. & C. 332 ; Liggins v. Inge, 7 Bing. 682.) But that this doctrine is wholly inapplicable when the acts which the license warrants are to be done by the licensee upon the lands of the licensor, and the effect of holding the license to be irrevocable, would be to give to the licensee a permanent interest or easement in these lands, has been determined in numerous cases in the English courts, in those of our sister States, and emphatically in our own. (Fentiman v. Smith, 4 East. 109; The King v. Inhabitants of Horndon, 4 M. & Gil. 562; Hewlins v. Shipman, 5 B. & C. 221; Wood v. Leadbitter, 13 M. & W. 838 ; Bryan v. Whistler, 8 B. & C. 288; Cocker v. Cooper, 1 Cr. Mees. & R. 418 ; Bird v. Higginson, 4 Nev. & Man. 505; Cook v. Stearns, 11 Mass. 536 ; Hayes v. Richardson, 1 Gill. & Johns. 366; Prince v. Case, 10 Conn. 375; ex parte Coburn, 1 Cow. 568 ; Mumford v. Whitney, 15 Wend. 380 ; Miller v. Auburn and Syracuse R. R. Co., 6 Hill, 61; Houghtailing v. Houghtailing, 5 Barb. 379; Brown v. Woodworth, id. 551.) It is true that in Taylor v. Waters, 7 Taunt. 374, the Court of Common Pleas in England appears to have held that an easement, and every other incorporeal interest or right, may be granted by a parole license, so as to render the license, as coupled with an interest, exempt from revocation; but that this was an erroneous decision has been clearly shown by Alderson, B., in his elaborate opinion in Wood v. Leadbitter, and. by the final judg *261 ment in this and subsequent cases, Taylor v. Waters must now be considered as conclusively overruled. It is certain that by the rules of the common law, anterior to and independent of the provisions of the statute of frauds, no incorporeal estate or interest can be created or transferred otherwise than by deed. It may, therefore, be said, with entire confidence, that no proposition of law is more fully established than that a license that, by its terms, would operate to pass an estate, interest, or easement in lands, if not wholly void, is revocable at the pleasure of the grantor and his representatives; and that when such is the character of the license, even its actual execution is no bar to its subsequent revocation. It may not indeed be so revoked as to render the licensee a trespasser ah mitio, but its revocation renders unlawful all subsequent acts, which its terms would otherwise have justified.
It cannot, however, be denied that the Supreme Court of Pennsylvania, in the cases to which we were referred, has held that a parole license may,'in special cases, have the full operation of a grant; but the decisions in Pennsylvania stand alone, and will be found, upon examination,' to proceed upon a doctrine which is peculiar to the courts of that state, and which has arisen entirely from the absence of any tribunal having a jurisdiction to administer equitable relief in the usual mode, and in the proper sense of the term. The decisions in Pennsylvania that have been cited are, doubtless, evidence of the law which there prevails, but as evidence of the law that we are bound to administer, they have no authority whatever. They are not to be reconciled with the principles of the Common Law, and are directly opposed to the long series of controlling decisions that I have quoted.
I do not think it necessary to dwell long upon the next position of the defendants’ counsel, namely, that the license, in this case, if revocable at all, could not be revoked until all the expenses which the defendant had incurred in its partial execution were refunded or legally tendered. I am not aware that the assertion rests upon any other authority than the dici'wm, of Lord Ellenborough in Winton v. Brockwell, and this, we have the authority of the same learned judge for saying, must be understood in a strict reference to the particular circumstances *262 of the case in which it was uttered; that is, as applicable only where the license has been fully executed, and involves no more than the waiver or relinquishment of an easement or other privilege, not where, if held to. be irrevocable, it would operate as a transfer of an estate or interest in land.
In the case of the King v. the Inhabitants of Thorndon, it was held by the Court of King’s Bench—Lord Ellenborough delivering its opinion—that a license affecting the use or enjoyment of the realty, although carried i/nto execution, is revocable at the pleasure of the party by whom it was granted, even when the circumstances are such, that the effect of its revocation must be wholly to deprive the licensee of the fruits of his money or labor; and this principle is distinctly affirmed in the subsequent cases of Hewlins v. Shipman, and Wood v. Leadbitter.
Where a license .is not simply gratuitous, but is founded on a valuable consideration, cases may, doubtless, arise, in which the licensee would have a just claim to be reimbursed for his expenses, and compensated for his labor; but even in such cases, if the license affects the use or enjoyment of the realty by the licensor, by creating an interest inconsistent with his own, I apprehend it has never been decided that the payment or a tender of full amends is a condition precedent to a revocation of the license—a condition that must be performed before it can be recalled. If there is no authority for such a decision, and none has been produced, it does not appear to me that upon principle it ought to be made. I- cannot believe that if the parties should differ as to the amount of the compensation due, the licensee would be justified in continuing his labors and retaining his possession in defiance of the wishes of the owner. It would be his plain duty, in my opinion, to comply with the revocation, and seek his remedy by action.
. We have no right to listen to the defence that was urged for the first time upon the argument before us, that the defendant purchased the fee, under an agreement with the plaintiff, that he should be permitted to enter upon the lot, construct an ice-house, and use and occupy it during the continuance of the plaintiff’s term. This defence is not set up in the answer, nor does it appear that it was meant to be urged upon the tidal; *263 and whether, had it been admitted and proved, it would assist the defendant,, is a question that I decline to consider.
For the reasons that have been given, the plaintiff is entitled to judgment upon the verdict.
Slosson, J.
Had the answer set up as a distinct defence that the defendant purchased the premises upon the understanding or agreement ■ with the plaintiff, that he was to have the privilege of erecting his ice-house, as seems to have been proved by one of the witnesses upon the trial, I should think this a valid agreement between the parties, which, after the building had been commenced, might have been enforced in equity. (2 Story’s Eq. Jurisp., § 751-761.) A sufficient consideration for the agreement, on the plaintiff’s part, was the-preservation of his term under the lease which, but for such purchase by the defendant, would have been put an end to, or destroyed by the foreclosure of a mortgage, which was anterior to his lease. At any rate it would have operated as an estoppel m pads against the plaintiff.
But the defence is put wholly upon the license alleged to have been given by the plaintiff.
The license, which was by parol, was to erect a permanent structure on plaintiff’s land. If operative, it created an interest in the land, and should therefore have been in writing. (2 R. S. 134-5. Cook v. Stearns, 11 Mass. 536 (see 15 Wend. 390.) Mumford v. Whiting, 15 Wend. 380. Davis v. Townsend, 10 Barb. 333.)
It occurred to me on the argument that a license could only be given by the owner of the land, but I see no reason for the distinction, and am of opinion that a lessee for years (whose interest is only usufructuary, and yet must be created by writing), can give a license equally with the owner of the land.
But though the license was void, it was a justification for all acts done tinder it before it was- revoked. (Miller v. Auburn and Syracuse R. R. Co., 6 Hill, 61. Pierrepoint v. Barnard, 2 Seld. 279.)
This, however, is its only operation. It constitutes an excuse for what would otherwise have been a trespass: if it had been a license to do what might properly be done under a license, *264 and had not gone to the extent of creating, or attempting to create, an interest in the land itself, I should incline to the opinion that it could not be revoked without putting the defendant in the condition in which he was before the revocation, that is, making him whole. (15 Wend. S. C., p. 387.) But being absolutely void, except as a j ustification for a trespass,. its operation ceases there, and its revocation gives no right to compensation.
The judge’s charge was, therefore, correct, and the judgment must be for the plaintiff.
Boswobth, J., concurred with his brethren in rendering judgment for the plaintiff, with costs.