## Syron *vs.* Blakeman.

Where gravel was given to the public, by the plaintiff, and was delivered to and applied by the defendant as overseer of highways, in repairing the road; *Held*, that no action would lie against the defendant for the value.

A permission by parol, from the owner of the gravel, in such a case, is sufficient to protect the defendant from liability; a parol license to enter upon land and remove a part of the soil, being a complete justification of acts done under it.

Where, in an action for gravel sold and delivered to the defendant, it was proved that in 1853 and 1854 the plaintiff and others, all acting under the direction of the defendant, went on land in the plaintiff's possession, and took gravel from the same, and put it on the road; that in 1853, before the gravel was drawn, the plaintiff told the defendant he could go there and get gravel to draw on the road; and it was inferrible from the evidence that the defendant was overseer of highways, and acting as such; *Held* that the license was to be construed as authorizing the taking of the gravel without compensation, and that such license was not limited as to time, but continued until 1854, or would be implied, under the circumstances; and that consequently the plaintiff was not entitled to recover.

APPEAL by the defendant, from a judgment of the Wayne county court, reversing the judgment of a justice. The opinion sufficiently states the facts.

*C. D. Lawton*, for the appellant.

*J. Welling*, for the respondent.

Syron *v.* Blakeman.

*By the Court,* T. R. STRONG, J.  The complaint in this case, was an account for gravel sold by the plaintiff to the defendant, and the answer denied the complaint.  It was proved, on the trial, that in 1853 and 1854 the plaintiff and others, all acting under the direction of the defendant, went on land in possession of the plaintiff, and took gravel from it and put on the road; that in 1853, before the gravel was drawn, the plaintiff told the defendant he could go there and get gravel to draw on the road; that he could draw what had caved in on the sand.  There was no proof that the defendant was overseer of highways, except that one witness testified the defendant warned him to work on the road, and the defendant's directing what was done.  This is the substance of all the evidence given, and it was wholly insufficient to entitle the plaintiff to recover.  It is fairly inferrible from the evidence, that the defendant was overseer of highways, and acting as such; the road was a public one; and that the defendant had no more interest in the taking and use of the gravel than any other member of the community.  He had the express permission of the plaintiff to take the gravel, not in terms without compensation, but such is the just construction of it  The permission given in 1853 was not limited as to time, and continued in 1854, there being no evidence of a revocation.  But without evidence of such a permission, in words, as to 1854, it would be implied from what had taken place in the year previous, and the presence and participation of the plaintiff in the work, in the absence of proof of any claim to compensation.  No ground, therefore, exists for implying a sale of the gravel; on the contrary, the idea of a sale is completely disproved.  The gravel was given to the public, and delivered to and applied by the defendant as an agent of the public to their use.  In respect to delivery, the plaintiff could not well have done more than he did by aiding in taking the gravel away.

The validity of the permission, so far as it was necessary to protect the defendant from liability for what he did, is unquestionable.  A parol license to enter upon land and remove part of the soil,. is a complete justication of acts under it.  (*Pierre-*

*pont* v. *Barnard,* 2 *Selden* 279.)    Here the plaintiff assisted in what was done.

The claim of the plaintiff is entirely destitute of merits; and the judgment of the county court must be reversed, and that of the justice affirmed.

[MONROE GENERAL TERM, September 1, 1856.   *T. R. Strong, Welles* and *Smith,* Justices.]