# SUPREME COURT.

## JACOB H. MARTIN agt. JANE HOUGHTON.

In a *justice's court*, if *inferences* are to be indulged they must be in support of and not against its proceedings; and where a party seeks to reverse the judgment he must show affirmatively that *error* has been committed, and that he has been prejudiced thereby.

It is well settled that a party may litigate a question of *license* in a justice's court.

To constitute a *license* which amounts to a defense to an action of trespass, there must be a permission to enter upon the premises, which may be express or implied from circumstances; and it has been *held* that *familiar intimacy* between families may be evidence from which a general license for such purpose may be presumed.

Where the defendant for thirty years had been in the habit of frequently visiting the plaintiff's family—the families of both parties being upon intimate terms—*held*, that the jury were justified in finding an implied license to the defendant to visit the plaintiff's family. And the evidence justified the jury in finding that the defendant did not enter upon the premises in violation of the permission of the plaintiff *after she was forbidden by him.*

*Albany General Term, September* 1865.

*Before* HOGEBOOM, MILLER *and* INGALLS, *Justices.*

THIS is an appeal from the judgment of the county court of Albany county reversing the judgment of the justice's court in the above action. The plaintiff complained against the defendant in trespass for crossing his premises after the *defendant was forbidden.*

The defendant interposed an answer, 1st. General denial; 2d. License from the plaintiff to cross; 3d. That the public had a right to cross the path. The action was tried by a jury who rendered a verdict in favor of the defendant.

The additional facts appear in the opinion of the court.

J. H. CLUTE, *for appellant.*
IRA SHAFER, *for respondent.*

*By the court,* INGALLS, J. It appears from the evidence of the plaintiff that the defendant had been in the habit of coming upon the premises of the plaintiff for a series of years, and within the two years next prior to the trial, passed through the door yard, sometimes upon one side of the house and at other times upon the other side. There was a path some part of the time upon which the defendant traveled. The plaintiff testified that the defendant came to his house a number of times, but did not know and could not testify whether he had sent for her. That he forbid her crossing his place at different times, and she said she would go and did go. *That he told defendant she should not cross the path but might cross along the stone wall.* That she afterwards *passed around the house,* and he then told her she should not cross his place at all. The defendant testified in substance that she had lived at her brother's since she was born; and that there had been a path from her brother's to the

plaintiff's which she had traveled for thirty years. That the plaintiff forbid her going *on the path*, but gave her permission to go along the *stone wall*, and that she was going along the wall when the boy told her to go off the rye. That she had traveled that path in going to plaintiff's when his mother was sick. *That the families had been on intimate terms.* That she had seen the path ploughed up and a furrow ploughed for a path. I think from all the evidence the jury were justified in finding that no trespass was committed by the defendant upon the premises of the plaintiff after she was forbidden to enter thereon. The plaintiff testified that the defendant had been in the habit of visiting his house and would not swear that such visits were not by invitation. He testified that he told defendant she should not cross the path, *but might cross along the stone wall.*

There is nothing in the evidence to *show where the stone wall was located*, or that in going around the house she did not go along the wall. The evidence does not show at what period, after she was forbidden to cross the premises, she crossed the same, nor but that such crossing was along the stone wall. It is quite apparent that the families had been on friendly terms, and the defendant had been a welcome visitor at the plaintiff's house, and for a period of thirty years had been accustomed to travel upon the path spoken of.

It can hardly be inferred from the evidence, that the plaintiff at the time he forbid the defendant crossing upon the path, and at the same time gave her permission to travel along the wall, supposed the defendant guilty of trespass for which he designed to hold her accountable. The jury were also justified, from the evidence, in finding that the defendant did not enter upon the premises in violation of the permission of the plaintiff *after she was forbidden.*

If inferences are to be indulged they must be in support of, and not against proceedings in the justice's court, and where a party seeks to reverse a judgment he must show affirmatively that error has been committed, and that he has been prejudiced thereby. The defendant interposed one defense,

that the entry upon the premises was by the license of the plaintiff. To constitute a license which amounts to a defense to an action of trespass, there must be a permission to enter upon the premises, which may be express, or implied from circumstances, and it has been held that familiar intimacy between families may be evidence from which a general license for such purpose may be presumed. (*Adams* agt. *Freeman*, 12 *Johns. R.* 402; *Lyons* agt. *Blakeman*, 22 *Barb.* 336; *Haight* agt. *Badgley*, 15 *Barb.* 502; *Pierpont* agt. *Barnard* 2 *Seld.* 279.)

In the last case the question of license is fully considered. Certainly where a party has been for years in the habit of visiting the house of another without objection, a license will be implied. Any other rule would be unreasonable and oppressive. In this case the defendant, for thirty years, had exercised that privilege, the families being upon intimate terms, and upon this ground alone the jury would, in my judgment, have been justified in finding an implied license. The defendant's case, however, does not rest there; both plaintiff and defendant testify to an express permission to the defendant to pass along the stone wall, and the evidence does not show that the defendant entered the premises after that permission was revoked, nor that the defendant went elsewhere than along the wall after the permission was given.

I do not think a fatal error was committed in allowing the witnesses to testify in regard to the length of time the path had been there. That evidence was pertinent upon the question of license to ascertain how long the defendant had been in the habit of visiting the plaintiff's house, and by what way she went, with a view to show how marked and notorious had been the exercise of the privilege, as all these circumstances had a tendency to characterize the transaction, and were properly considered in determining the nature and extent of the permission relied upon to establish the license. It did not by any means follow that those facts bore necessarily upon a question of title.

Indeed the evidence does not show that the defendant

attempted to assert any title or absolute right to enter upon the premises. On the contrary, when the plaintiff forbid the use of the path, the defendant, by the permission of the plaintiff, went along the wall.

No principle is better settled than that a party may litigate a question of license in justice's court. (*Doolittle* agt. *Eddy*, 7 *Barb.* 75; *exparte Coburn*, 1 *Cowen* 568; 3 *Kent's Com. p.* 452.) The author says: "License is an authority to do a particular act or series of acts upon another's land without possessing any estate therein. It is founded on personal confidence, and is not assignable nor within the statute of frauds." (*See also Pierpont* agt. *Barnard*, 2 *Seld.* 279).

In reviewing proceedings of the justice's court great liberality is to be exercised, and a judgment is not to be reversed for a testimonial error which does not affect the merits. (*Borst* agt. *Smith*, 5 *Barb.* 283; *Spencer* agt. *S. & W. R. R.* 12 *Barb.* 382.)

I am of opinion that the defendant established a license to enter upon the plaintiff's premises, which constituted a defense to the action, and that no error was committed by the justice in admitting evidence which should reverse the judgment of the justice's court. The judgment of the county court must be reversed, and the judgment of the justice affirmed with costs.