[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 338 
A question was raised by the respondent which it is necessary to consider before proceeding to the merits of the case. He objects that the cause ought not to be heard in this court, because no bill of exceptions is contained in the papers. Assuming the fact to be as stated, the appellants are not in fault. They succeeded at the trial, and consequently had no occasion to make any bill of exceptions. The respondent here was the appealing party below, and if a bill of exceptions was necessary he should have made it. The apparent difficulty upon the record proceeds from the fact that the general term of the supreme court, instead of ordering a new trial on reversing the judgment at special term, rendered judgment for the defendant by dismissing the complaint. The party who was successful at the trial cannot in this way be deprived of the power of reviewing the decision of the general term. In the case of Astor v.L'Amoureux (4 Seld., 107), a judgment of the superior court was reversed solely upon the ground, that judgment final had been given at general term against the party who had succeeded at the trial, when upon the case presented a new trial, at most, ought to have been granted. When the facts are ascertained upon the trial, either by special verdict or any other form of finding allowed by law, the general question which party is entitled to judgment arises upon appeal, and in such cases a judgment disposing of the whole cause may be given at general term, notwithstanding such judgment be adverse to that *Page 341 
given at the special term. But when the case is brought for review to the general term upon an allegation of error in the trial — in the process of ascertaining the facts — the only judgment which can properly be given for the appellant is one ordering a new trial.
In this case, however, the question of law which formed the ground of the decision at general term is one which would necessarily arise upon another trial, and which, therefore, it is proper to examine here. For if we should be of opinion that the judge at special term was right in his views of the law, the case can be finally disposed of by affirming the judgment at special term.
The Code (§ 275) provides that if the defendant has answered, the court may grant the plaintiffs any relief consistent with the case made by the complaint and embraced within the issue. In case no answer has been put in, the relief granted cannot exceed that demanded in the complaint. In the former case the demand of relief in the complaint becomes immaterial. The case made by the complaint and the limits of the issue alone determine the extent of the power of the court. These expressions of the statute include the statement of the right of the plaintiffs and its infringement by the defendants. These constitute the case. The addition to these material facts of others, which neither show a right in the plaintiffs, nor a wrong thereto on the part of the defendants, do not add to or alter the legal case contained in the complaint. They may render the pleading inartistic, and perhaps subject the party to an order under § 160 striking out the irrelevant or redundant matter; or, if by means of them the pleading is so indefinite and uncertain that the precise nature of the charge is not apparent, to the necessity of amendment, but they do not limit his right to give evidence upon the trial, nor impose upon the court any restraint as to the nature or extent of the relief to be given. In the case before us, the court at the trial, and in this the general term concurs, regarded all that *Page 342 
part of the complaint, which states the project of the defendants to buy out the interest of their coheirs in certain lands there described, and the promise that the plaintiffs should have a lien upon the land for the money, as showing no right in them. The judge at special term, having arrived at this conclusion, looked at the other parts of the complaint to see if any where the plaintiffs had stated facts upon which a legal right in them was sustained. The general term have thought themselves not at liberty to do so. The judge at special term was right in the view he entertained. Those matters in the complaint which did not tend to show a right in the plaintiffs were surplusage, to be disregarded if there were other facts which made out a cause of action. Such facts existed, for the complaint showed a loan of money remaining due and unpaid, and these alone constituted the case made by the complaint, for upon these alone the law pronounces that a right existed in the plaintiffs. The only principle involved is, that a good cause of action is not destroyed by adding allegations of immaterial matter. This is no new principle in the law, and does not owe its existence to the Code. (Webber v. Shearman, 3 Hill, 551.)
The only other matter necessary to be noticed arises upon the fact that the wife was sued with her husband; and the question is whether, as she by reason of her coverture was not liable, the plaintiffs must be turned round to a new suit against the husband alone. The case of Brumskill v. James (1 Kern., 294) holds that this objection is unavailing.
The judgment of the supreme court at general term should be reversed, and that given at the special term affirmed.
HAND, J., delivered an opinion in favor of the same judgment.
All the judges concurred in the result of the opinions delivered *Page 343