JEREMIAH J. COLMAN et al., Respondents, *v.* ISAAC DIXON, Appellant.

A defendant has not an absolute legal right to have the facts upon which plaintiffs' claim for equitable relief depends, tried by a jury. The mode of trial, in such cases, is a matter of discretion with the court, and its decision, in respect thereto, is not reviewable in this court.

A defendant has no absolute right to a preliminary order settling issues in an action for equitable relief to be tried by a jury. A refusal to grant such an order does not necessarily deprive the defendant of his right to such trial. If he has that right and the cause is brought to trial before the court without a jury the defendant may then object, and it will be the duty of the court to order the cause to be tried by a jury. If

Opinion of the Court, per RAPALLO, J.

the court refuse so to do, defendant's remedy is by appeal from judgment.

An appeal to this court from an interlocutory order is premature and improper.

(Argued December 17, 1872; decided December 24, 1872.)

APPEAL from order of the Superior Court of the city of New York, affirming an order of Special Term denying defendant's motion for an order settling issues in the action to be tried by a jury.

The nature of the action and the facts sufficiently appear in the opinion.

*William H. Arnoux* for the appellant. Defendant's right to a trial by jury in this case is a constitutional right the court cannot deny. (Const. N. Y., art. 1, § 2 ; *Wynehamer* v. *People*, 13 N. Y., 426 ; *Greason* v. *Keteltas*, 17 id., 498 ; *Heywood* v. *City of Buffalo*, 14 id., 534 ; *Barlow* v. *Scott*, 24 id., 40 ; *Bradley* v. *Aldrich*, 40 id., 504 ; *Lattin* v. *McCarty*, 41 id., 110, 112, note ; *Dain* v. *Delano*, 11 How., [U. S.], 29, 35 ; *McCoy* v. *U. S. Bank*, 5 How., 548 ; 1 Warren Law Studies, 631 ; *Sheppard* v. *Steele*, 43 N. Y., 52, 57 ; *Thompson* v. *Erie R. R.*, 45 id., 468, 473.) Under plaintiff's claim for damages defendant had a right to a trial by jury. (*Hudson* v. *Caryl*, 44 N. Y., 554 ; *Barlow* v. *Scott*, 24 id., 45 ; *Davis* v. *Morris*, 36 id., 569, 572 ; *Penn. Coal Co.* v. *Del. and Hud. Co.*, 1 Keyes, 72, 76 ; *Gilbert* v. *Birkenshaw*, Lofft., 771 ; *Whitney* v. *Emmett*, Bald., 323.)

RAPALLO, J.    The complaint prays a perpetual injunction against the future use by the defendant of the plaintiffs' trademark, and also damages for the past use by the defendant of the same trade-mark. The defendant, before the cause came on for trial, moved at Special Term for an order settling issues in the action for trial by jury. The proposed issues accompanying the notice of motion relate solely to the right of the plaintiffs to the trade-mark, and to the question whether the defendant has violated that right. The motion was

denied at Special Term, and the order denying it was affirmed at General Term. From the order of affirmance the present appeal is taken.

To entitle the plaintiffs to maintain this appeal, it must appear that the order appealed from has deprived them of a substantial right. The right of trial by jury in a case which, under the provisions of the State Constitution, is triable in that form, is a substantial right, and if the defendant has, by the order in question, been deprived of that right, the case is appealable. Otherwise, it is not.

It is claimed on the part of the defendant that so much of the plaintiffs' cause of action as relates to his claim for damages is separable from the claim for a perpetual injunction and is triable by jury. Assuming, without at present deciding, that the defendant is correct in this position, yet we are of opinion that the refusal of a preliminary order settling issues in the case, does not necessarily deprive the defendant of his right of trial by jury. If he has that right in the present case and the cause is brought to trial before the court without a jury, the defendant may then object to the adjudication of the plaintiffs' claim for damages, and insist upon a jury trial. That objection may be met by a waiver of the claim for damages, and the cause can then properly proceed and the right to a perpetual injunction be passed upon. Should the plaintiffs insist upon their claim for damages, it would then be the duty of the court, if requested, to order that the cause be tried by a jury. (*Davis* v. *Morris*, 36 N. Y., 569; *Barlow* v. *Scott*, 24 id., 40; *Hudson* v. *Caryl*, 44 id., 553.) Should this request be refused, and should the court proceed to award damages, the defendant's remedy by appeal from the judgment would be perfect. But the defendant has no absolute right to an order at a preliminary stage of the case, for the framing of issues to be tried by a jury. The refusal of that order did not necessarily compel the defendant to submit to the trial by the court of the claim for damages.

The issues proposed by the defendant do not even refer to the question of damages or purport to submit that question

to the jury, but they do cover the facts upon which the plaintiffs found their claim for equitable relief. And the defendant now insists that he had a legal right to have the facts upon which the claim to equitable relief depends tried by a jury, for the reason that courts of equity frequently require, as a condition of the granting of an injunction in such cases, that the plaintiffs' right be first established at law.

This position cannot be maintained. Although where the right is doubtful it is customary to refuse an injunction until after a trial at law, yet this is optional with the court. It has full power to determine for itself the questions of fact upon which the right to equitable relief demanded may depend, and the awarding of issues is discretionary.

The result of the trial may be that no question as to the power of the court to adjudicate upon the question of damages will arise or that no right of the defendant in that respect will be violated. Under such circumstances, an appeal to this court from an interlocutory order is premature and improper.

The appeal should therefore be dismissed, but as the respondents did not appear upon the argument of the appeal, the dismissal should be without costs.

All concur.

Appeal dismissed.