CASWELL, appellant, v. WEST.

*Evidence — Pleading — Reformation of contract — Equitable relief.*

The plaintiff in an action set forth a written contract by which the plaintiff agreed to build for the defendant a house, twenty-four feet by twenty-two. The house, for building which plaintiff sought to recover, was twenty-four feet by twenty, and plaintiff alleged that the twenty-two feet was an error, and that it should have been twenty feet. Plaintiff then demanded judgment for the amount of the contract price remaining unpaid. *Held,* that evidence of the error was admissible, and plaintiff was entitled to judgment for a reformation of the contract. A prayer for such relief was not necessary if the facts warranted it.

APPEAL from a judgment of nonsuit upon the report of a referee. The action was brought by William A. Caswell against Adelia West, to recover for work, labor and services upon a written contract.

On the 12th of June, 1869, at Rome, in the county of Oneida, the parties to the action entered into a contract in writing, whereby the plaintiff, in consideration of the defendant's agreement to pay him $700, agreed to build for the defendant a house on a lot owned by her in the city of Rome, twenty-four by twenty-two feet, of wood, in the mode and manner specified in the contract.

The plaintiff built a house on said lot, twenty-four by twenty feet, which defendant insists was not in conformity to the contract, and that she is not bound to receive or pay for the same.

The plaintiff sues to recover the sum of $465, being the balance due and unpaid on said contract.

The complaint, after setting out the contract *in haec verba*, alleges that by the agreement between the parties the house was to be twenty-four by twenty feet; that the statement in the contract that the building should be twenty-four by twenty-two feet was erroneous; that it was agreed and understood by the parties that it should be twenty-four by twenty. That plaintiff proceeded to and did build the house twenty-four by twenty feet, as it was understood and agreed it should be, and the error in the contract was not discovered until after the work was completed. Judgment for the balance unpaid is then demanded with interest from the 15th September, 1869.

The defendant in the first defense of her answer denies the complaint. In the second, she alleges that she is a married woman. In the third, that the written contract was signed by her without reading or having it read to her, and that it does not contain many of the particulars specified in the oral contract; that plaintiff has failed to perform said contract, and she demands judgment for the sum paid on said contract. No reply was put in by the plaintiff to this answer. The issues were referred to a referee for trial.

The plaintiff's counsel, on opening the case before the referee, stated that by the written contract the house was to be twenty-four by twenty-two feet, but that it was built only twenty-four by twenty feet, and that the dimensions stated in the contract were inserted by mistake; that after the house was completed the defendant entered into possession and occupied with full knowledge that it was twenty-four by twenty feet only; that the error was not known until the building was completed, and then it was agreed that the error should be disregarded and it was disregarded by the parties.

The defendant moved for a nonsuit on plaintiff's opening, and it was granted, and plaintiff was nonsuited accordingly.

The plaintiff asked leave to amend his complaint by demanding equitable relief, and for the reformation of the contract, so as to make it read twenty-four by twenty feet. The plaintiff offered to prove that the error was a clerical one, and also asked to amend the complaint by alleging that defendant entered and occupied the house with knowledge of the error, and thereafter it was agreed that the

error should be disregarded, which said offers were rejected and requests refused, and the plaintiff's counsel excepted to said rulings separately.

The referee after stating in his report the substance of the complaint, and the concession by the plaintiff that the house was built twenty-four by twenty feet, and not twenty-four by twenty-two feet, as provided for in the contract, and that the dimensions last mentioned were alleged to have been inserted in the contract by mistake, nonsuited the plaintiff, and judgment of nonsuit was entered with costs, and from it the plaintiff appeals.

*M. D. Barnett,* for appellant.

*Pomeroy & Southworth,* for respondent.

MULLIN, P. J. The complaint contains substantially all the allegations required to be inserted in a bill in equity to entitle the plaintiff to a judgment reforming the contract. A prayer for such relief was not necessary if the facts alleged were sufficient.

The facts offered to be proved, and rejected were such as tended to establish the allegations in the complaint. If, therefore, the plaintiff was entitled to a judgment reforming the contract upon the complaint he was improperly nonsuited.

It was held in *Marquat* v. *Marquat,* 12 N. Y. 336, that the plaintiff was entitled to whatever relief the facts alleged and proved entitled him to, whether legal or equitable, and all allegations not relevant to such cause of action were irrelevant and did not impair the cause of action.

A case being made for a reformation of the contract, the plaintiff was improperly nonsuited.

It is not necessary now to decide whether the court cannot, having acquired jurisdiction of the equitable cause of action, retain it and give judgment for the damages should any be proved, but I confess I can perceive no reason why it may not be done if set out in the complaint as a second cause of action. 2 Wait's Pr. 201.

The judgment is reversed and a new trial ordered before another referee, the costs to abide the event.

*Judgment reversed and new trial ordered.*