HENRY A. RINDGE, Respondent, *v.* EDWARD D. BAKER, Appellant.

Where, under a parol agreement between two adjoining proprietors to jointly build a party wall, one-half on the premises of each, the parties have gone on and built a portion of the wall; one party, who has prepared his materials and planned his building in view of and relying upon the performance of the contract, upon the refusal of the other to proceed, is not limited to an action for specific performance, but may, after notice to the other, complete the wall and recover of the other one-half the expense. (LOTT, Ch. C., and EARL, C., dissenting.)

Such an action is not purely an action at law but is one of equitable cognizance, it being not for a breach of the parol contract but for money by way of performance. (DWIGHT, C.)

(Submitted January 8, 1874; decided May term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, in favor of plaintiff, entered upon an order denying a motion for a new trial, and directing judgment upon a verdict.

This action was brought by plaintiff to recover one-half the expense of building a party wall between the premises of the parties.

Plaintiff was the owner of a lot of ground adjoining one owned by the defendant in the village of Norwich, Chenango county, and being respectively desirous of improving their grounds by the erection of buildings thereon, they agreed by parol, in April, 1869, to construct a basement or cellar wall of stone eight feet high, one-half of the width of which should stand upon the plaintiff's land and the other half upon the

defendant's land, and to build upon the stone wall a partition of wood between their respective buildings. This agreement, as the plaintiff testified, was before the commencement of the construction of the stone wall so far modified that the partition above the stone wall was to be constructed of brick instead of wood. The agreement, except so far as it related to its modification, was not denied by the defendant. The modification was denied, and the conflict of evidence between the respective parties and their witnesses on this point was settled by the jury who, in answer to an interrogatory submitted by consent of the counsel for the respective parties, found, in substance, that the defendant did agree to such modification of the contract and to join the plaintiff in the construction of the brick wall. In pursuance of this agreement each party, at his own expense, built four feet in height of the cellar or basement wall of stone sixty feet in length, twenty-one inches in thickness at the base, one-half upon the land of each and near the top so gradually narrowed as to leave a space on its top of about one foot in width, sufficient to receive a superstructure of brick. Each party laid upon this wall, thus constructed, sleepers upon which to rest the first floor of their respective buildings. The plaintiff so constructed the cellar or basement wall of his building as to correspond to the basement stone wall erected by the parties, and procured his building timber to be cut the proper length for use in the brick wall, in the construction of which the defendant had agreed to join him. This being done the defendant refused to join the plaintiff in the construction of the brick wall, whereupon the plaintiff gave him notice to join in its construction, and that, in case of his failure to do so, he should proceed and construct it and compel him to pay one-half of the expense of its construction. The defendant not only again refused to join the plaintiff in its construction, but forbade the plaintiff from constructing it on the defendant's premises. The plaintiff then proceeded and constructed the wall and brought this action to recover one-half of the necessary expenses of its construction. The defendant, in

the progress of the trial and in due season, objected not only to the admissibility of parol evidence to prove, but to its competency to establish an agreement between the parties to construct this party wall, and excepted to the ruling of the judge in admitting such evidence and overruling his objection, and at the close of the evidence moved for a nonsuit upon various grounds, and, among them, that no agreement was proven to have been made which authorized the plaintiff to build the wall; that his remedy, if he had any, was by an ction for specific performance. His motion was denied and he excepted, as he did, also, to his refusal to charge the jury that the plaintiff could not recover for the value of anything done by him in the construction of the wall after notice not to lay brick on the defendant's premises.

The judge charged the jury, in substance, that if they found that the agreement referred to had, as it was claimed by the plaintiff, been made, and that the plaintiff, after notice to the defendant to join in its construction and the defendant's refusal to do so constructed it himself, he was entitled to their verdict for the value of one-half of the wall, referring to the cost of its costruction to be considered by them as one criterion of its value, to which the defendant excepted. The jury rendered a verdict for the plaintiff.

Exceptions were ordered to be heard at first instance at General Term.

*Charles Mason* for the appellant. The right to erect and maintain the wall created an easement in favor of plaintiff's estate and against the defendant's. (*Keteltas* v. *Penfold*, 4 E. D. S., 122 ; *Wyman's Exrs.* v. *Ringold*, 1 Bradf., 52–62 ; *Burlock* v. *Peck*, 2 Duer, 90 ; *Eno* v. *Del. Vecchio*, 4 id., 53 ; *Partridge* v. *Gilbert*, 15 N. Y., 601 ; *Campbell* v. *Mesier*, 4 J. Ch., 334 ; affirmed, 6 id., 21 ; *Sherrod* v. *Cisco*, 4 Sandf., 480 ; *Brown* v. *Pentz*, 11 N. Y. Leg. Obs., 24, 28 ; *Brondage* v. *Warner*, 4 Hill, 145 ; *Bradbee* v. *Christ's Hospital*, 4 M. & G., 714 ; 5 Scott N. R., 791 ; *Miller* v. *Aub. and S. R. R. Co.*, 6 Hill, 61 ; *Brooks* v. *Curtis*, 50 N. Y., 639 ; *Rogers*

v. *Linsheimer*, id., 646.) The right to erect the wall being an easement, a parol license was not sufficient, it could only be acquired by grant. (*Miller* v. *Aub. and S. R. R. Co.*, 6 Hill, 61 ; Washb. on Easements, 58 ; *Wolfe* v. *Frost*, 4 Sandf. Ch., 72 ; *Pitkin* v. *L. I. R. R. Co.*, 2 Barb. Ch., 221 ; *Selden* v. *Del. and H. Canal Co.*, 29 N. Y., 634 ; *Houghtaling* v. *Houghtaling*, 5 Barb., 379.) The fact that plaintiff had gone on and expended money in erecting walls on his lands on the strength of the parol agreement, does not take the case out of the statute. (*Miller* v. *Aub. and S. R. R. Co.*, 6 Hill, 61 ; *Mumford* v. *Whitney*, 15 Wend., 380 ; *Brown* v. *Woodworth*, 5 Barb., 550 ; *Day* v. *N. Y. C. R. R. Co.*, 31 id., 548 ; *Jamieson* v. *Milleman*, 3 Duer, 255.) The agreement being a mere license was revocable at the pleasure of the defendant. (*Pierrepont* v. *Barnard*, 6 N. Y., 279, and cases above cited.) Although defendant had voluntarily performed part of the agreement, he could not be compelled to perform the balance. (*Baldwin* v. *Palmer*, 10 N. Y., 232 ; *Collier* v. *Coats*, 17 Barb., 474.) The court erred in charging that plaintiff was entitled to a verdict for one-half of the brick wall. (*Peck* v. *Day*, 1 Leg. Obs., 312.) The only relief plaintiff was entitled to was a suit in equity to compel defendant to perform his agreement. (Robertson on Frauds, 35, 138 [2d Am. ed.].)

*E. H. Prindle* for the respondent. The partial performance of the agreement by defendant was enough to take it out of the statute of frauds. (Will. Eq. Jur., 283.) Equity will compel defendant to pay one-half of the expense. (Will. Eq. Jur., 116 ; *Campbell* v. *Mesier*, 4 J. Ch., 334 ; 3 Kent's Com., 437, note to ; *Bloch* v. *Isham*, 7 Am. L. Reg. [N. S.].) The agreement was not within the statute of frauds. (*Lower* v. *Winters*, 7 Cow., 263 ; *Frear* v. *Hardenburgh*, 5 J. R., 275 ; *Bonnon* v. *Urton*, 3 Iowa, 228 ; *Sutton* v. *Sears*, 10 id., 223 ; *Boze* v. *Davis*, 14 Tex., 331 ; *McLarney* v. *Pettigrew*, 3 E. D. S., 111, and cases there cited.)

GRAY, C.   The contract, under which the parties commenced and proceeded in the construction of the party wall, was for an interest in land, an easement which could not have been acquired by parol; and the defendant's failure to perform it, however injurious that failure may have been to the plaintiff, would not, had the contract remained wholly unexecuted, have afforded him a cause of action.   But, the defendant having proceeded with the plaintiff in its execu-. tion, so far as to lead the plaintiff to believe that the contract was made not only in good faith but that it would be fully executed on the part of the defendant, insomuch, that the plaintiff had contributed his share to the construction of that part of the wall which, by the contract was to be made of stone; had, at the same time, constructed the cellar or basement walls in his own apartment to conform to the party wall thus constructed by the equal contribution of the parties; and had also procured his timber for use in the construction of the residue of his building, to be cut of the length requisite for use in the brick wall, which, by their agreement, the defendant was, after the completion of the stone wall, to join in constructing upon it.   His failure, at this stage of the performance of the contract, by refusing to join in that part of the party wall which was to consist of a brick wall above and to rest upon the stone wall, operated, under the circumstances, as a fraud upon the plaintiff; and, hence, in an action for specific performance an equitable estoppel upon the defendant would have been established, and with the right of the plaintiff to a decree against the defendant for a specific performance of the contract; or, in other words, that he join the plaintiff in constructing the brick wall, as the jury in answer not only to the interrogatory submitted to them, but in substance, by their general verdict, found he had agreed to do.   (2 Story Eq. Jur., § 750; Willard Eq. Jur., 283; *Malins* v. *Brown*, 4 N. Y., 403, 407, 411.)   But, because the plaintiff had, and might have pursued this remedy, it by no means proves that he had no other remedy equitable in its character, which would produce the same result in less time

and at less expense, and, under the circumstances, better adapted to the ends of justice in a case like the one under consideration. The time which would necessarily have been consumed in the prosecution of an action for specific performance, and the consequent delay in the erection of the wall would, under the exigency of the case in hand, and with all needful arrangements by the plaintiff for completing his half of the wall, and using it in the construction of other parts of his building resulted in damages to him nearly as great, if not greater, than the expenses incurred in constructing the defendant's half. Such a remedy was, therefore, so inexpedient as to amount to a denial of justice, and if the plaintiff has no other equitable remedy, or is not permitted to avail himself of one, he must bear with conceded injustice and blame the law. Such a state of things ought not to be tolerated, and need not be, where established equitable principles prevail. If the wall had been constructed at the joint expense of both parties, as in good conscience it should have been, and repairs upon it had become necessary, each party would have been obliged to contribute to them, and if either party, after notice by the other to do so, had declined, the party giving the notice (as the plaintiff did in this case), might have proceeded, made the repairs, and maintained his action for the amount of one-half of the expense incurred in making them, upon the ground that the benefit was equal, and that even-handed justice would compel each party to bear his share of the burden. (*Campbell* v. *Mesier*, 4 John. Ch., 334, 338, 339.)

A decree for specific performance is nothing more or less than a means of compelling a party to do precisely what he ought to have done without being coerced by a court. Such a decree might well go further, and provide, that in case of delay by the defendant beyond some reasonable time, to be fixed by the court, after notice of the decree, the plaintiff might proceed and erect the wall, one-half of the necessary expense of which shonld be paid by the defendant. And, now that the plaintiff has, after due notice, borne the defendant's share of the burden, and done exactly what would necessarily by a

decree for specific performance have been adjudged, that the defendant ought to have done without suit, no good reason can be assigned why, when the° exigency of the case has rendered the remedy by action for specific performance wholly inadequate to accomplish the ends of justice, the defendant should not be held responsible for his share of the burden when it is shown that in equity he ought to do so, upon the same principle that a party who ought in equity to contribute one-half of the necessary expense of repairing a wall is bound, after notice and refusal, to pay the adjoining owner who has repaired it one-half of the necessary expenses of the repairs; and, notwithstanding the facts which establish the equitable obligation to build may be widely different from such as would establish an equitable obligation to repair, yet the principle upon which contribution is enforced is the same in each case. Contribution was at one time enforced only in a court of equity, and it was said by Baron PARKE (6 M. & W., 168), that Lord ELDON regretted, not without reason, that courts of law had ever assumed jurisdiction of the subject; they have, nevertheless, done so, and as Justice BRONSON said in *Norton* v. *Coons* (3 Denio, 130, 132), " borrowed their jurisdiction on this subject from courts of equity, and along with it, taken the maxim that equality is equity." And Story, in his work upon contract ( 2d vol., § 885), referring to contribution by co-sureties or co-guarantors, says, it was formerly questioned whether, at law, contribution could be enforced without some positive agreement to that effect; but it is now well established that it may be enforced both in law and equity. The right to maintain such an action at law has not, in this State, been questioned in modern times, and especially where the remedy can be as conveniently administered in an action at law as in equity, since both are administered by the same judge.

The judgment should be affirmed.

DWIGHT, C. This is an action brought to recover the one-half of the amount of the expense incurred by the plaintiff

in building a party wall between the premises of the plaintiff and the defendant. The plaintiff bases his right of action on a parol agreement between him and the defendant. It appeared at the trial, according to the testimony of both parties, that there had been such an agreement to build a stone wall, which was suitable as a foundation for a partition wall to rest upon, and that was actually carried out by their mutual consent and acts. Whether there was an agreement to go further, and to build a party wall, was contested. The plaintiff's claim was, that there was an agreement to build at joint expense, a wooden partition between buildings to be erected on the respective lots of the parties, and that this was afterward so modified as to substitute a brick partition wall in its place. The question was submitted to the jury in the following form: " Did the defendant, E. D. Baker, agree with the plaintiff, H. A. Rindge, that he would join with said Rindge in the building of the brick wall in question ? " The jury found in the affirmative.

The form in which the case is presented for the consideration of this court is, assuming the existence of the parol agreement, and that the foundation wall was actually built by both parties, and that the defendant now refuses to go on and complete the brick portion of the wall, can the plaintiff, upon due notice, complete that portion of the wall at his own expense, and recover from the defendant his proportion of the outlay ? It is to be observed that this is not the ordinary case of an easement created by parol, but that it is a more special inquiry, whether a parol agreement to build a wall is enforceable in a court of justice, and if so, whether it can be substantially enforced under the facts of the present case by an action to recover the amount necessarily expended in construction. It will be proper to consider at the outset whether a *written* agreement to build a wall is capable of enforcement in equity. If not, it would of course follow that a parol agreement partly executed cannot be. On the general question of enforcing a covenant to build or to repair, there has been great diversity of opinion, and the decisions are conflicting.

The leading authorities in England are *Mosely* v. *Virgin* (3 Ves., Jr., 185); *Wilkinson* v. *Clements* (L. R. [8 Ch. Appeals], 96). Other cases are collated in Story on Equity Jurisprudence (§§ 725, 729 [11th. ed.]). In *Wilkinson* v. *Clements* (*supra*), one of the latest decisions by the appellate court, it is said to be the settled rule in England that the court will not in general enforce a covenant to build houses. The principal reason seems to be that damages supply an adequate compensation. Where, on the other hand, damages will not answer, the usual rule prevails, and a remedy will be granted in equity, on account of the inadequacy of the relief at law. This was the result in that case; and a party, having performed his part of the contract, had his remedy, in equity, against the other party. The point in *Mosely* v. *Virgin* was, that an agreement to build may be enforced if sufficiently certain and specific. This is the view of Mr. Justice STORY. The cases earlier than *Wilkinson* v. *Clements* are collected in *Beck* v. *Allison* (4 Daly, 421), in which case the conclusion is maintained, in an elaborate opinion, that, in a proper case, the jurisdiction to decree specific performance of a covenant to repair exists, the case being placed on the same general ground as that of a covenant to build. The present case falls within the rule established by these authorities. It was not a general and indefinite covenant. The place on which the wall was to be erected was fixed by the contract; its length, height and thickness were prescribed, as well as the materials of which it was to be constructed. This is the test given in *Mosely* v. *Virgin* (*supra*), and in Story on Equity (§ 727). The plaintiff could have had no adequate remedy in damages, as he needed to have the wall stand on the defendant's land, in order to carry out his building as it was planned. The result is that if the agreement had been in writing it would have been enforced by a court of equity.

The next inquiry is, whether the act of building the stone foundation wall was such a part performance as to take the case out of the statute of frauds. This is not an instance of a mere parol license, executed in part; it is rather that of an agree-

ment, from which the defendant was to receive the same benefit as the plaintiff. The inducement on the defendant's part to allow the plaintiff's wall to stand on his land, and to aid in constructing it, was the fact that he was to receive a benefit from having the same support to his own part of the wall, from the plaintiff's land, and a corresponding service and expenditure. If, then, the court will not entertain an action for specific performance in the present case, it will be because there are some parol agreements which have been partly carried out that do not fall within the general rule that part performance takes the case out of the statute of frauds. No reason can be given why an ordinary contract to purchase land in fee shall be withdrawn from the statute, by part performance, which will not apply to the present case. Mr. Fry states the rules as follows : (1.) The act of parol performance must be referable to the alleged agreement and no other. (2.) They must be such as render it a fraud on the defendant, to take advantage of the contract not being in writing. (3.) The agreement to which they refer must be such as in its own nature is enforceable by the court. (4.) There must be proper evidence of the parol agreement. (Fry on Specific Performance [Am. ed.], 251.) All of these exist in the present case. In commenting upon the third, he remarks that the agreement must be of such a nature that the court would have had jurisdiction in respect to it in case it had been in writing. It has already been shown that the court would have enforced the contract between the plaintiff and defendant had it been written.

The next inquiry is, whether the plaintiff was bound to resort to the remedy by specific performance ? It would seem not. Specific performance is merely a remedy for an existing right; each of the parties, by force of the contract, became a trustee for the other ; there was an equality of burdens as well as of rights growing out of the contract relations of the parties. Specific performance is but a single mode of enforcing the equitable duties growing out of these relations. The parties have voluntarily subjected themselves to the rule that " equality is equity ; " each of them having

thus become equitably bound to pay his share of the amount necessary to construct the wall, is liable in equity to an action for contribution. This has been applied to cases of contribution between co-contractors. (Story on Equity, § 64, *f ;* 1 Parsons on Contracts, 31.) The whole doctrine rests upon principles of natural justice and equity. The plaintiff had his choice of remedies. He might demand specific performance; in which case he would pay only one-half of the expense, and insist upon the defendant's rendering the other half; or, after demand and refusal, he might build the entire wall and bring his action for contribution. He has elected to take the latter course.

It is claimed that the present action is not an equitable one. The fact that it is brought for money is not decisive upon that point. The real test in such an action is this: if it be brought for *damages* for breach of contract, it is a case at law; if it be brought for money, by way of performance of the contract, it is a case in equity. Thus, where a vendor in a contract for the sale of land sues for the price, his action is equitable. The mutuality of the contract gives each of the parties the same remedy; and yet the recovery by the vendor is simply in money. If this theory did not prevail in respect to contracts partly performed, the vendor would be utterly without remedy, since it is well settled that there is no action at law on a parol contract in part performed. That the vendor can have an equitable action for money is established in *Crary* v. *Smith* (2 Comst., 60); *Brown* v. *Haff* (5 Paige, 240); Willard on Equity Jurisprudence, 290. The action in the present case was brought for relief, and the facts disclose an equitable cause of action. The fact that it was tried by jury, with consent of parties, is immaterial, as the court might, of its own motion, have submitted the questions to a jury; and any informality in the mode of procedure was waived by mutual consent. No preliminary settlement of the issues is requisite. (*Colman* v. *Dixon*, 50 N. Y., 572.)

This view of the case is strengthened by the fact that the common-law courts hold that if a tenant in common, or joint

tenant or other person who is under a duty to repair, fails to contribute after a demand by a co-tenant or co-obligor, the latter, on incurring the necessary expense, may bring an action on the case to recover the proportionate share of the defaulting party. (*Loring* v. *Bacon,* 4 Mass., 575 ; *Mumford* v. *Brown,* 6 Cow., 475 ; *Doane* v. *Badger,* 12 Mass., 65.) This action is based on a failure to discharge the equitable duty imposed on the defendant which is derived from the principle of natural justice lying at the root of the doctrine of contribution. It is, however, urged that the defendant does not, by this action, obtain an easement of permanent value to himself. The answer is that if he does not, he suffers only by his own neglect. The correct view, however, is, that the judgment will establish his right and act as an estoppel against the plaintiff and all claiming under him, as the existence of the easement is the very proposition which it is necessary to establish in order to recover. A final suggestion is that the parol contract having been partly executed, the parties to it are estopped from denying the existence of the easement. The authorities are quite distinct to this effect, and the proposition is fully justified by the rules of estoppel as applied to the case of expenditures made upon land on the faith of the representations of an owner. (*Brown* v. *Bowen,* 30 N. Y., 541 ; 3 Wash. on Real Property, 68, and cases cited.) In *Campbell* v. *McCoy* (31 Penn. St., 263) a parol executed agreement to erect a dam was held to be irrevocable in equity, and that it created a permanent right which would survive the erection itself. (*Rerick* v. *Kern,* 14 S. & R., 267.) The same rule was applied to the laying down of water-pipes in *Le Fevre* v. *Le Fevre* (4 S. & R., 241). In *McKellip* v. *McIlhenny* (4 Watts, 317) the doctrine was applied to a license to flood land, on which money and labor had been expended, on the faith of the license. *Beatty* v. *Gregory* (17 Iowa, 114) is a case of a wall partly built on a licensee's land.

There is, in some of the authorities, a confusion growing out of a want of accurate discrimination between cases aris-

ing in law and equity.   At law a parol license, owing to the statute of frauds, is revocable at the pleasure of the licenser, notwithstanding the expenditure of money on his land by the licensee.   The cases on this subject are so numerous and so uniform that it would be a waste of time to refer to them. In equity the rule is quite different.   As a court of equity will take a parol contract for the sale of lands out of the statute of frauds, when it is partly performed, it will, on the same principle, treat an executed parol contract for an easement as equivalent to a grant under seal, where· the parties cannot be restored to their original position.   Under this doctrine the acts of the parties in the present case have created a permanent easement upon the land, of which all who may purchase of them are bound to take notice.   The judgment for the plaintiff, in·the present case, simply recognizes the existence of that easement, and the added duty or obligation of mutual contribution for its erection and maintenance.

The judgment of the court below should be affirmed.

.REYNOLDS, C.   It appears to be conceded that the agreement to erect the party wall created, or was intended to create, an easement in land, and that to make it valid, it should have been in writing.   It was by parol and was, doubtless, void under the statute of frauds.   The parties, however, proceeded under it, so far, as that it is also agreed, that in consequence of part performance, the plaintiff might, after the repudiation by the defendant, have appealed to a court of equity to compel him to specifically perform ; and, yet, it is conceded, that a resort to this remedy would have been, if successful, inadequate to redress the injury to the plaintiff.   In the earlier, days of the law, a party having some claim to equitable relief, was obliged to resort to a tribunal exercising that sort of jurisdiction, invented, it is said, in some of the old books, to do justice in cases wherein the courts of common law were deficient; and, of the common law, it has been said, that by reason of its flexibility it was.

capable of affording an adequate remedy in most cases of wrong. It, however, did happen, that separate courts of common law and equity jurisdiction did exist for a long time, and until within a comparatively recent period, existed in this State; and, it may not be denied, that under this system, by reason of the ignorance of counsel, or the learning of judges and chancellors, it occasionally happened that suitors were found in the wrong forum and turned away without relief on payment of costs. Of whatever magnitude such an evil may have been, it seems very clear to me, that it was attempted to be remedied by our Constitution of 1846 and the Code of 1848, with its multitude of modifications.

It is suggested, that the present action is one at common law and cannot be maintained upon a void contract. This general rule, no judge or lawyer will dispute. It is further said, the plaintiff's remedy was in equity, where he should have succeeded, but success would have been of no practical value, in other words, the remedy would have been worse than the disease. He came into a court having general jurisdiction both in law and equity, and stated the facts of his case, in his complaint, as he was authorized by law to do, and in the most essential particular proved their truth, as is found by the verdict of the jury, and had judgment. If he may not have properly had judgment, it being agreed that he was entitled to relief, where else should he go to obtain it? The court to which he applied had the authority to do him justice in some form, and it could turn him over to none other; for no other court existed to which he could apply for the remedy he was in some form entitled to. Since the radical changes, to which reference has been made, it has, sometimes, been very difficult to distinguish by anything that appears in a pleading, between an action at law or a suit in equity. Before the change in practice, the distinction between a common law declaration and a bill in chancery was very well understood. Now both jurisdictions are blended, and a party is permitted to state his case upon its facts, in his own form, and to take such relief as he ought to have, if he

be entitled to any, and if he makes any mistake in his allegations the court may, in its discretion, conform the allegations to the facts proved, and give the appropriate judgment which either law or equity demands. General jurisdiction, both in law and equity, having been united in the same court, with a form of procedure common to all cases, it is difficult by the mere inspection of a pleading, to determine whether a given case is to be governed by legal or equitable rules; and, I am of the opinion, that the inevitable result of such a system will be the abolition of all substantial distinctions between law and equity. If different and distinct forms of pleading and proceeding were preserved, the two separate jurisdictions might be longer continued, even when the same court took cognizance of both.

It is said that this is a pure and simple action at law, to recover damages for the breach of a void contract. It must be confessed that the complaint bears some of the marks of an old fashioned common law declaration, omitting its prolixity. But, as I understand, it also states in a concise form all the facts, upon which the plaintiff relies for relief, and these facts have, at least substantially, been found by the jury to be true. Why may not this, under the present system, be called a bill in equity? It is quite true, that there is no prayer for the specific performance of the partially performed contract, but that is not of the slightest consequence as has been often held. (*Marquat* v. *Marquat*, 12 N. Y., 336; *Emery* v. *Pease*, 20 id., 62.) In the latter case, what was from the prayer of the complaint, regarded by the whole Supreme Court as an action at law, to recover money due upon an account stated, and the plaintiff nonsuited because he had not appealed to the equity ear of that court was, in the Court of Appeals, disapproved, because the *facts* stated entitled the plaintiff to an accounting as in the case of a partnership, and the case thereafter proceeded upon that theory. That case, in principle, does not appear to me to be unlike this, so far as the form of proceeding and forum is concerned. It seems to be clear that the defendant ought to

have done as he verbally agreed to do. He had got the plaintiff into more or less difficulty, for the reason that his promises had been not only relied upon, but his fidelity evinced by acts tending to the consummation of the common purpose. He then repudiates, and the plaintiff must suffer great injury if he stops the improvement contemplated, and incur extra cost and expense if he perform the work and furnish the material which the defendant agreed to do and ought to have done.

It is quite true that the defendant forbade the plaintiff from proceeding to complete the party wall according to the mutual parol agreement, but if the matter had gone so far as that equity would compel him to complete it, his order to stop could be of no more force or effect than that of an ancient monarch who ordered the waves of the ocean to be stayed.

It is further urged that, even if the defendant pay the judgment against him, he has no grant of an easement to continue the party wall on the land of the plaintiff. This, in one sense, may be entirely true, but the same law that, in effect, compels him to perform his agreement with the plaintiff by paying damages, will protect him in the enjoyment of every right of property which he could have had if he had not made it necessary to appeal to the courts. It does not appear that he ever requested the plaintiff to grant him any easement whatever; and we are not to assume that if he had, and offered to fulfill the conditions of his part of the agreement, it would have been refused. Indeed, if it appeared in his answer in this case that he had offered to pay (which was at least equal to performance) upon the condition that the plaintiff granted an easement equal to what the contract demanded. I think the court ought to and would have so ordered, but the defendant put his right upon an entirely different contingency and must abide the result.

Another objection is made against the propriety of the judgment of the Supreme Court in this case that there is no precedent for it, and that it is the very first of the kind known to the law. While I do not quite agree to the fact

as alleged, I am yet willing to assume that there is no case reported in the books which affords an exact precedent for the judgment I am prepared to give. Where precedents are reasonable they furnish a safe guide to follow; and where they are unreasonable, as is not uncommon, a delicate and difficult question is often presented. But, where there are no precedents that appear to be binding upon the conscience of a court, the demands of justice require that, in a proper case, one should be made. In the present case we all agree that the plaintiff has sustained an injury for which he should have redress, and there is no complaint that the judgment below has awarded him more damages than he was fairly entitled to recover. It is possible that a case precisely like this has never before arisen, but if any shall hereafter arise it may as well be understood that a party thus injured is not without an adequate remedy in the courts.

The judgment of the Supreme Court should be affirmed, with costs.

EARL, C. (dissenting). It is conceded that the contract between the plaintiff and defendant, as found by the jury, was void, as being within the statute of frauds. It was a parol contract to build upon lands owned by the parties separately, a permanent structure, in which each party was to have a permanent interest. Hence, neither party can maintain any action at law based upon the void contract. (*Day* v. *The New York Central Railroad Co.*, recently decided in this court. \*)

An interest in a party wall, as such, can be created, like any permanent easement which one party can acquire in the lands of another, only in one of two ways — by prescription or grant. Here there was neither. Even if both parties had united in building this wall, either party could immediately have torn down so much of it as was upon his land, without any liability, at law, for damage. Neither party could claim the *right* to have it remain for a moment;

\* 51 N. Y., 583.

and much less could he do this if he built it against the protest of the other party. This grows out of the fact that, in the absence of prescription, a grant is absolutely essential to the creation of an interest in, and the right to maintain a party wall. It is not denied that, in the case supposed, a court of equity could, by injunction or otherwise, afford relief.

This is, indisputably, an action at law based upon the void contract, to recover damages for its non-performance; and, if it can be maintained, it will be the first in the whole history of jurisprudence. The claim of the plaintiff, no matter in what form it is stated, is, substantially, that the defendant agreed to unite with him in building the wall, and that, after he had partly performed, he refused to go further, and the plaintiff finished the wall, and now claims to recover of the defendant, as damages for not performing on his part, the expense of completing the wall according to the void contract.

A party to a contract, void under the statute of frauds, can never maintain an action at law based upon the contract. A party to such a contract, who is not in default, can recover from the party in default, money which he has paid thereon, in an action for money had and received; and he can recover for services rendered and materials furnished thereon, at the request of the party in default, upon an implied assumpsit. But such an action proceeds upon the theory that the contract is wholly void, and that the party in default has had the money and the benefit of the services and materials without any consideration. (*Day* v. *The New York Central Railroad Company, supra.*) But I apprehend that the rule cannot go so far as to hold that a party can recover for services and materials furnished under such a void contract, after the other party has repudiated the contract and objected to any further performance of it. In such case there is no room for an implied assumpsit. Here, after the defendant refused to go on with the plaintiff in the erection of the wall, it is probably true that the latter could, under the circumstances of part performance disclosed, have compelled specific performance

on the part of the defendant. In an action for such a purpose the court would, if it found the contract certain, reasonable and just, have required each party to execute a grant to the other of an easement in his land and his half of the party wall for the benefit of the other. And it would have ordered the defendant to unite with the plaintiff in erecting the wall; and in case he neglected or refused to do this, it would either have ordered the plaintiff, or some one appointed by the court, to do it, at the joint expense of the parties. The plaintiff should have resorted to this remedy. It is said, however, that it would have been useless, as the delay, before such a remedy could have been administered, would have been so great and so disastrous as to render the remedy of no value. This may be true, but it furnishes no excuse for not resorting to the only forum competent to afford relief. It is not uncommon that a party is subjected to great damage and embarrassment because he has not complied with the statute of frauds in making his contract; and it will not do in all such cases to abrogate the statute to shield him from the consequences of his folly in relying upon a contract which he is supposed to have known was invalid. The following, among many other cases to be found in the books, are illustrations of great hardships resulting from the application of the statute of frauds; and yet the courts did not shrink from its application. (*Mumford* v. *Whitney*, 15 Wend., 380; *Miller* v. *The Auburn and Syracuse Railroad Company*, 6 Hill, 61; *Jamieson* v. *Milleman*, 3 Duer, 255; *Brown* v. *Woodworth*, 5 Barb., 550.)

It is also said that this recovery in an action at law ought to be sustained, because it is substantially the same relief as would have been granted in a court of equity. It has never yet been decided that a party may go into a court of law in a matter of equitable cognizance and sustain a recovery there on the ground that it is substantially what would have been awarded to him in equity. Suppose one should, at law, sue a trustee in reference to his trust, or one partner should, at law, sue another in reference to the part-

nership, and there should, in either case, be a recovery, could it, proper objections having been taken, be maintained on the ground that the recovery was no more than a court of equity would have awarded? But it cannot be said that the plaintiff recovered just what a court of equity would have awarded. If a court of equity, according to its rules, had found this a proper case for specific performance, it would either have given the defendant an opportunity to unite with the plaintiff in building the wall, or it would have ordered it to be done in some way under the direction of the court. Here, the plaintiff, without any participation of the defendant, did the work, and has recovered one-half of what he proved it cost him. But, further, if the defendant should pay this judgment he would not acquire an easement in the plaintiff's land for the support of the party wall. A compulsory payment would give him no greater right than a voluntary payment. Such an easement he could acquire, without twenty years use, by grant only; and such a grant the plaintiff has not tendered, and the judgment does not order him to give it. If the defendant should pay this judgment, unless the plaintiff should voluntarily give him the grant, he would still have to go into a court of equity and compel the execution to him of the grant. Hence, it cannot be said that the defendant was not prejudiced by the commencement and trial of this action as an action at law rather than an action in equity. If I am right in the views thus expressed, it will not be important to carry the discussion any further, as there can be no theory upon which the recovery can be upheld.

The judgment should be reversed and new trial granted, costs to abide event.

For affirmance, Gray, Dwight and Reynolds, CC.

For reversal, Lott, Ch. C., and Earl, C.

Judgment affirmed.