WILLIAM HERRINGTON, RESPONDENT, v. EBENEZER ROBERTSON, EXECUTOR, ETC., OF MARTHA BECKER, DECEASED, AND JAMES O. BECKER, APPELLANTS.

*Practice — pleading — relief granted under — Advance to child — recovery back.*

In an action against a devisee, and also against another, an executor under the will, asking a judgment against the executor; and that a lien be decreed to exist upon the lands devised for the amount thereof, and that said lands be sold, a judgment for the recovery of a definite sum of money may be rendered against the executor alone.

Where $4,000 is advanced to a married daughter by her father to purchase real estate, under an agreement that the same is to be repaid in case of her death during her confinement — which agreement is assented to by her husband — and the daughter dies, although she has made a will leaving such real estate and all her personal property ($500) to her husband, such fact will not prevent the recovery of a judgment by the father against her executor for the $4,000.

APPEAL to the General Term from the verdict of a jury at the Circuit.

The complaint in this case alleged, in substance, that Martha Becker was the daughter of the plaintiff; that on or about the 21st day of January, 1872, the said Martha intermarried with the defendant James O. Becker. That the plaintiff promised the said Martha and her said husband that, if they purchased a certain farm, he would assign a bond and mortgage to the owner in part payment for said farm, but upon the express condition, agreement and understanding of the said James O. Becker that, if the said Martha should die — and especially during her expected confinement — the said $4,000 should be paid back and come back to the said plaintiff. That the said farm was subsequently purchased, and was, on April 1st, 1873, conveyed by one Crandall and wife to said James O. Becker; and said plaintiff thereupon assigned said bond and mortgage to said Crandall. That, afterward, in order the better to carry out the wishes of the said parties, the said defendant Becker conveyed, through a third person, the said farm to the said Martha, his wife. That, afterward, the said Martha, without the knowledge of said plaintiff, made her last will and testament, by which she devised and bequeathed all her real and personal estate to her said husband, his heirs and assigns, forever. That afterward, and on the 9th day of May, 1873, the said Martha died during her confinement, leaving no descendant her surviving, and leaving her said will; and died seized and possessed of said farm, and left no personal property, unless to a very trifling amount, not exceeding the value of $200. That the defendant Robertson is the sole executor of the said last will and testament of said Martha Becker, deceased.

Wherefore the said plaintiff demands judgment against the said defendant Ebenezer Robertson, as executor, etc., of Martha Becker, deceased, for the sum of $4,000, and interest thereon from April 1st, 1873; and that the same be declared and decreed to be a lien upon the said farm; and that the said farm be decreed to be sold to satisfy said lien and claim under the order and directions of the court, and in the manner to be directed and specified by said court, and for costs of this action; and for such other and further relief as the court may see fit to grant.

The assets which came into the hands of the executor did not exceed $500.

*James Gibson*, for the appellants.

*S. Thomas*, for the respondent.

BOARDMAN, J. :

Stripped of all extraneous matters, the plaintiff advanced to Martha Becker, deceased, his daughter, the sum of $4,000, upon an agreement, assented to by defendant James O. Becker, that it should be repaid to him in case of the death of the said Martha during her confinement, then near at hand. The sum so advanced was paid toward the purchase of a farm, the title to which was, at first, taken in the name of defendant James O. Becker, the husband of Martha. Afterwards, and by the plaintiff's request, the title to said farm was conveyed to Martha, subject to a mortgage of $2,000 which her husband had given thereon for the balance of the purchase-money. About a month thereafter, Martha died, leaving no child surviving her, but leaving a will whereby all her property was devised and given to her husband, and Robertson named as executor.

This seems a plain case of a contract between a father and his married daughter, by which the $4,000 was advanced to and for the sole benefit of the daughter. The father does not want the money to go into the Becker family. After the deed is first made to James O. Becker, plaintiff becomes dissatisfied, and wants his daughter to have the benefit of what he has advanced ; and it is finally arranged that the wife, Martha, shall have the title to the farm in consideration of the advance made to, and for her by her father. It becomes, therefore, her separate estate, and morally, if not equitably, charged with the payment to her father of the $4,000 in case of her death.

The making of the will thereafter does not affect the question under consideration. It is an ordinary contract by Martha, for a good consideration, to pay to her father $4,000 in a certain event, which has happened. I can see no defense to the action. The precise contingency has happened upon which Martha and her husband agreed this money should be repaid. But the husband is now here, by his answer, claiming all of Martha's property under her will, and ignoring such contract and her obligation arising therefrom.

In my opinion, the learned judge was correct in holding that the defendant Robertson, as executor, was indebted to the plaintiff in the sum of $4,000 and interest, and ordering judgment therefor.

The case of *Marquat* v. *Marquat* (7 How., 417), sustains the decision in this case in many of its features, more especially as to the nature of the complaint; the relief to which plaintiff is entitled under the same; the position of James O. Becker as co-defendant, and the dismissal of the complaint, as to him, without costs. So far as that case is hostile to the plaintiff in this action, it was reversed in the Court of Appeals. (12 N. Y., 336.)

I think the judgment is correct, and should be affirmed, with costs against the appellants personally.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment affirmed with costs against appellants personally.