## JOHN H. MORRELL, APPELLANT, *v.* MARY CATHARINE TRIMINGHAM MORRELL, RESPONDENT.

*Action for divorce — when a compulsory reference cannot be ordered.*

An action was brought by a husband to dissolve a marriage, on the ground that he was induced to enter into it by the fraudulent concealment of a disease with which his wife was afflicted, and also on the ground that by reason of such disease she was physically incapable of entering into the marriage state, and that there was no reason to suppose that her physical incapacity would be removed.

*Held,* that a compulsory reference could not be ordered on the application of the defendant unless plaintiff waived his right to a trial by jury in the manner provided in section 1009 of the Code of Civil Procedure.

That the provision of the statute, authorizing a reference in an action to annul a marriage for physical incapacity of one of the parties, embraces only cases in which from a physical incapacity, other than that which results from sickness, the marriage cannot be consummated.

APPEAL from an order of reference made in this action.

*Tracy, Olmstead & Tracy,* for the appellant.

*Hall & Harvey,* for the respondent.

BRADY, J.:

The plaintiff seeks to annul the marriage between him and the defendant, on the ground that it was accomplished through fraud. This is the primary and chief cause of action. He avers, however, as a separate ground of complaint, that the defendant on account of a malady to which she was subject was physically

incapable of entering into the marriage state at the time of the marriage, and that there is no probability that her physical incapacity will be removed. The answer meets these allegations by proper denials, and thus issues were created which required investigation in the manner declared by law. The defendant, preferring that mode, applied at Special Term for an order of reference which was opposed, but the application was successful, and a reference was ordered to hear and determine the action and the issues therein.

The plaintiff appeals from that order, and the question presented is, whether it was authoritatively made. An examination of the law of this State shows that issues, such as the pleadings herein present, were the subject of statutory enactment at an early period, and that the right to a trial by jury, given, was protected by the Constitution.

The Legislature, in defining the jurisdiction of the Court of Chancery, provided as follows: "All issues upon the legality of a marriage (except where a marriage is sought to be annulled on the ground of the physical incapacity of one of the parties) shall be tried by a jury of the country, and the chancellor shall award a feigned issue for the trial thereof." (2 Rev. Stat., old paging, 175, § 45; 3 Rev. Stat. [6th ed.], 191, § 59.) It had also been declared that suits to annul a marriage should be by bill, and should be considered in the same manner as other suits in equity prosecuted in the courts in equity, and that the court should have the same power to award issues, to decree costs and to enforce its decrees as in other cases. (2 Rev. Stat., old paging, 144, § 35; 3 Rev. Stat. [6th ed.], 155, § 48.)

The right of trial by jury upon issues relative to the legality of the marriage was secured, therefore, and this right was preserved by the Constitution (art. 1, § 2, Constitution of 1846), although it might be waived in the manner to be prescribed by law. (Id.)

This latter provision gave the Legislature the power to declare in what way the right to trial by jury might be waived, and this power has been exercised. It is provided by section 1009 of the Code of Civil Procedure that a party may waive his right to the trial of an issue of fact by a jury. First. By failing to appear at the

trial. Second. By filing with the clerk a written waiver signed by the attorney for the party. Third. By an oral consent in open court entered in the minutes. Fourth. By moving the trial of the action without a jury, or, if the adverse party so moves it, by failing to claim a trial by jury before the production of any evidence upon the trial.

It does not appear that the plaintiff moved the trial of the action, unless the placing it upon the Special Term calendar for trial was such an act, but it is clear that the plaintiff's right is not affected by that circumstance. He may demand the trial by jury when the cause is called for trial.

It has been held that a refusal to grant an order settling issues to be tried by jury does not deprive the party of his right to such trial, which may be insisted upon when the cause is brought to trial. (*Colman* v. *Dixon*, 50 N. Y. Rep., 572.)

The provisions of the Code, § 970, of Civil Procedure, and the rule (31) relating to them, do not declare that a failure to apply for the settlement of issues to be submitted to a jury is a waiver of the right to such trial. If the plaintiff were to move the cause to trial before a judge without a jury, and begin the trial, the power of the court sitting as a court of equity might perhaps be invoked to order a reference. When the order appealed from, however, was made, no such proceeding had been adopted, there was no waiver of the right to a jury therefore, and the court consequently had no authority to make the order.

It may be said that the section of the statute first referred to, excepts issues which relate to the physical incapacity of one of the parties, but that does not avail the defendant. The issues do not relate exclusively to the charge of physical incapacity, and the latter charge is one which is predicated of those on which the charge of fraud rests, namely, the condition of the defendant arising from the malady with which she was afflicted. The main charge is fraud, as before suggested, and the issues created by it affect the legality of the marriage. Aside from these views it is quite apparent that the exception relates to physical incapacity other than that which results from sickness, and embraces those cases only in which from physical incapacity the marriage cannot be consummated.

For these reasons the order appealed from must be reversed, but it is done with reluctance because the action is one it seems which should not be tried in open court on account of the character of the issues presented.

Ordered accordingly ; no costs allowed in this appeal.

POTTER, J., concurred.

Present — BRADY and POTTER, JJ.

Ordered reversed, without costs.