■ EUGENE GLEBOCKI et al., Appellants, v. ALBERTUS POOLE et al., Respondents.— Appeal from an order entered on a judgment rendered after trial in Supreme Court, Albany County. Before 1958 plaintiffs Glebocki and defendants Poole owned adjoining lots fronting on the Mohawk River on which residences were erected. Running parallel to the river was a right of way crossing both lots and used by both owners and to some extent by the public. The parties found the use of that right of way unsatisfactory and it is admitted by both sides that in 1958 they agreed each to buy a lot adjoining their respective lots away from the river. These newly acquired lots gave access to a public road. It is not disputed they agreed orally to dedicate a 20-foot right of way from the public road 10 feet from each of the two adjoining lots, for mutual use of both parties in connection with access to their respective premises. The respective lots were purchased simultaneously by the parties; the prior old right of way was closed off, and at mutual expense an access roadway was laid out from the public roadway between the two parcels. In following a straight line between

the two parcels, however, it was found that a shale ledge would be encountered which would require blasting, and there is proof that temporarily for this part of the roadway defendants Poole agreed that the whole 20 feet be located on their lot, while at the entrance from the public highway the whole 20-foot area was on plaintiffs Glebockis' lot. It was agreed that the blasting was to be done later and the road to be straightened. The work, according to the temporary plan, was completed in May, 1959. In 1960 plaintiffs Glebocki conveyed their newly acquired parcel (near the road) to plaintiffs Zuraski, subject to the easement. The Pooles in 1961 obstructed the use by the plaintiffs Zuraski of the right of way and in March, 1962 they obstructed the right of way entirely by the completion of the fence which they erected along the line of their lot. Plaintiffs sued for an injunction. The court after a trial dismissed the complaint on the ground the agreement is barred by the Statute of Frauds (Real Property Law, § 242). We are of opinion the oral agreement, concededly made, was so far performed as to take it out of operative effect of the statute. The plaintiffs Glebocki not only dedicated a part of the land to which they had title to the right of way, which concededly defendants used, but they participated in the cost of constructing the road which defendants, as well as plaintiffs Glebocki, used. These acts are unequivocally referable to the agreement. (See discussion per CONWAY, J., in *Gracie Sq. Realty Corp.* v. *Choice Realty Corp.*, 305 N. Y. 271, 279, 281.) Thus the case on substantially undisputed facts falls within that area in which partial performance of acts intimately related to the very contract itself makes the oral agreement enforcible. This is the kind of situation in which the buyer "who not only pays the price, but possesses and improves his acre, may have relief in equity without producing a conveyance" (*Burns* v. *McCormick*, 233 N. Y. 230, 232–233 [CARDOZO, J.]). This is the general rule (*Canda* v. *Totten*, 157 N. Y. 281; *McKinley* v. *Hessen*, 202 N. Y. 24; *Rindge* v. *Baker*, 57 N. Y. 209). Even according to plaintiffs' contention, however, the curved nature of the road around the shale area was to be a temporary expedient. The agreement, as proved, is that the right of way was to be 10 feet of each parcel along the common line. Therefore, the work necessary to complete it in this way should be carried out within a reasonable time by plaintiffs, one half the fair cost thereof being borne by defendants. Judgment modified on the law and the facts, with costs to appellants, and defendants restrained from maintaining the fence described in the record or otherwise interfering with use by plaintiffs of the right of way on condition that within six months of entry of judgment plaintiffs Glebocki complete the roadway along the right of way. The portion of the expense of such completion chargeable to defendants shall be assessed at a hearing at Special Term and added to the foot of the judgment. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ, concur.